COMMON COUNCIL OF CITY OF WATERTOWN, et al, Plaintiffs, v. DEPARTMENT OF FINANCE, et al, Defendants.

(241 N. W. 731.)

(File No. 6811. Opinion filed March 15, 1932.)

*Howard B. Case,* of Watertown, for Plaintiffs.

*Buell F. Jones,* Attorney General, and *E. D. Roberts,* Assistant Attorney General, for Defendants.

RUDOLPH, J. This is an original proceeding in this court in certiorari. The state board of equalization, at its meeting on the 25th of August, 1928, ordered that all improvements and structures on city and town lots in the city of Watertown be increased 10 per cent in value over and above the value returned by the county board of equalization for the purposes of taxation. This 10 per cent increase in value, placed upon all structures in the city of Watertown, was certified to the county auditor of Codington county by the division of taxation with instructions to the said auditor to change his assessment lists accordingly. This proceeding was thereupon commenced. The question for our determination is whether the increase of 10 per cent in the value of all structures in the city of Watertown by the state board of equalization is valid.

This case is in some respects similar to the case of Beveridge v. Baer, 59 S. D. 563, 241 N.W. 727, recently decided by this court; the important distinction being that in this case the attempt is made by the state board of equalization to increase on a percentage basis a certain class of property, namely, all structures, in a complete taxing district, namely, the city of Watertown, while in the Beveridge Case the attempt was made by the state board of equalization to increase the assessed valuation of an individuals property independent of other property of the same class within the taxing district. As was pointed out in the case of Beveridge v. Baer, supra, the distinction is an important one.

There is no contention made in this case that the power, if it existed, was not exercised by the proper authority. The contention of the plaintiff here is that the statutes do not, in fact, grant, to the state board of equalization the power to make a general increase of one class of property in a taxing district. The plaintiff takes the position that the only power in the state board of equalization is to make a general increase in each class of property in the entire county. In other words the position of the plaintiff is that the only authority granted the state board of equalization is to increase the value of a certain class of property in the entire county, as distinguished from increasing the value of a certain class of

property in a taxing district within the county. The first question for our determination is whether this contention of the plaintiff should be sustained. The Legislature by the enactment of chapter 352 of the Session Laws of 1913, created a state tax commission and prescribed its power and duties. Section 10 of this chapter provided in part as follows: "The tax commission herein provided for shall succeed and take the place of the present state board of equalization and is hereby clothed with all the powers and duties possessed and exercised by said state board of equalization * * * and shall have power to equalize the assessment of all property in this state between persons, firms or corporations of the same assessment district, between cities and townships of the same county and between different counties of the state, and the property assessed by said commission in the first instance; such powers to be possessed by said commission regardless of any limitation now fixed by law in regard to the increase of the aggregate valuation which may be made by said board. * * * "

The above-quoted section 10, chapter 352, Laws of 1913, was amended by section 10, chapter 298, of the Session Laws of 1915, to read as follows: "The Tax Commission shall have power to equalize the assessment of all property in this state between persons, firms, or corporations of the same assessment district, between cities, towns and townships of the same county, and between different counties of the state, and the property assessed by said Commission in the first instance; such powers to be possessed by said Commission regardless of any limitation of valuation. Persons feeling aggrieved by the actions of the county board of equalization relative to the assessment of his, her or its property may within thirty days after the decision of said board appeal to the Tax Commission as a board of equalization for a determination of such grievance; provided nothing shall be construed to prevent any appeal to the circuit court as provided in Chapter 193 of the Session Laws of 1909."

The above section 10 of chapter 298 of the Laws of 1915 has been carried into the Revised Code of 1919, as sections 6734 and 6735. In the 1915 law above referred to, we find section 12 of that law which was carried into the Revised Code of 1919 as section 6736. The three subdivisions of section 12 of chapter 298 of the Session Laws of 1915 are substantially a re-enactment of

the first three subdivisions of section 2111 of the Revised Political Code of 1903. At the time the state board of equalization entered its order increasing the value of structures in the city of Watertown, the secretary of finance, the director of taxation, and the assistant director of taxation constituted a state board of equalization. The powers of the former tax commission, acting as a state board of equalization, were then exercised by the officers mentioned. See chapter 115, Session Laws of 1925.

■■ From this brief history of the laws, as they existed at the time in question, it seems apparent that section 6735, Rev. Code 1919, empowers the state board of equalization to equalize the assessment of property in this state "between cities, towns and townships of the same county." Clearly, under the provisions of section 10, chapter 352, Laws of 1913, the tax commission, as a state board of equalization, was clothed with the power "to equalize the assessment of all property in this state between cities, towns and townships of the same county." We think it evident that, when this section 10 of chapter 352 of the Laws of 1913 was carried over to the Laws of 1915 and finally into the Revised Code of 1919, as above pointed out, there was no intention to take away from the state tax commission, sitting as a board of equalization, the power to equalize the assessment between cities, towns, and townships of the same county. The fact that that power is expressly given in what is now section 6735, Rev. Code 1919, and the fact that it is not provided in that section that the tax commission shall have this power when sitting as a board of equalization, we believe immaterial. Section 6735 is immediately followed by section 6736, as amended by Laws 1923, c. 105, which provides that the state tax commission shall sit as a board of equalization. It appears evident to us, in view of the background above set out, that these two sections must be considered together. When considered together, the only reasonable construction is that the tax commission, sitting as a board of equalization, has been granted power "to equalize the assessment of all property in this state between cities, towns and townships of the same county." Any other construction would nullify entirely section 6735. Chapter 115, Session Laws of 1925, conferred the powers of the former tax commission, when acting as a state board of equalization, upon the secretary of finance, the director of taxation, and the assistant

director of taxation, who, under that law, constitute the state board of equalization. The increase in valuation in the present case was made by the state board of equalization as it was constituted at the time the increase was made, and we are of the opinion, from what has heretofore been said, that the statutes of this state vested in that state board of equalization the power to make this increase in the manner in which it did so make it.

The plaintiff relies to a large extent upon section 6590, Rev. Code 1919, and subdivisions 1, 2, and 3 of section 6736, which refer to the equalization of property by the state board of equalization, in the county as the unit, as distinguished from the different taxing districts within the county. But, as above pointed out, subdivisions 1, 2, and 3 of section 6736 of our Code were a part of our laws prior to 1913, when the state tax commission was created. Section 6590 has its basis in section 2112 of the Political Code of 1903. These old provisions were simply carried on in the law, without any attempt to harmonize them with the new, but we think that there can be no doubt but that the legislative intent was to add to the power already existing in the old board (to equalize between the different counties) this new power given to the new board (to equalize between the different taxing districts within the county).

The plaintiff further contends that under the authority granted by section 6587 the division of taxation has created as a class all structures on city and town lots, and that therefore they are not permitted to divide this class by making another class of the structures in the city of Watertown as distinguished from structures in the county as a whole. Plaintiff cites and relies upon the case of Campbell v. Minnehaha National Bank, 11 S. D. 133, 76 N. W. 10. That case presents an entirely different situation. In that case the class consisted of "stocks or shares." The state board of equalization attempted to divide the class and raise the assessment upon bank stock only without increasing the assessment upon other stocks or shares. There is no attempt to make such a division in this case. Under subdivision D-1, of "Real Estate Classifications" in the certificate of valuation of real and personal property issued by the state tax commission to the county auditor of Codington county, structures on city and town lots constituted a class for the purposes of valuation and assessment. Structures

constitute a class thereunder, not only in the county, but in the state as a whole, and not only in the county and the state, but in each taxing district. The state board of equalization having authority to "equalize between cities, towns and townships of the same county," there was no division of a "class" when there was a horizontal increase of all property constituting the class within the taxing district.

Could the Legislature vest in the state board of equalization this power to increase the assessment upon all of the property constituting a certain class within a complete taxing district, without providing for any notice, other than the statute fixing the time of the meeting for the board? In the case of Beveridge v. Baer, supra, it was held that due process of law requires that, to properly vest in the state board of equalization the power to increase the assessment of an individual, the law must require some notice to the individual other than the statute fixing the time of meeting for the board. In that opinion it was pointed out that, whenever actual notice becomes impracticable, the due process clause of the Constitution yields, and especially is this true in matters of taxation. We are of the opinion that, where the statute vests in the state board of equalization the power to raise the assessment of all the property of a class within an entire taxing district, practical necessities do away with the requirement of notice to the individual, except as the individual has notice by reason of the fact that the statute fixes the time of meeting of the board. We believe the practical differences between the facts as disclosed in the Beveridge Case and those here under consideration are apparent. That case involved an individual, while this case involves all of the owners of structures in the city of Watertown, a complete taxing district. In the Beveridge Case we referred to the reasoning of Mr. Chief Justice Holmes in the case of Bi-Metallic Invest. Co. v. State Board, 239 U. S. 441, 36 S. Ct. 141, 142, 60 L. Ed. 372, wherein he said: "Where a rule of conduct applies to more than a few people, it is impracticable that everyone should have a direct voice in its adoption. * * * There must be a limit to individual argument in such matters if government is to go on."

Looking to the decided cases, we find that the distinction that we have drawn between this case and the case of Beveridge v.

Baer, supra, has been quite generally followed. In support of position taken in the Beveridge Case, see Avant v. Flynn, 2 S. D. 153, 49 N. W. 15; Kuntz v. Sumption, 117 Ind. 1, 19 N. E. 474, 2 L. R. A. 655; Patten v. Green, 13 Cal. 325; People ex rel Weber v. Ohio & M. R. Co., 96 Ill. 411; and cases cited in note, 24 A L. R., beginning on page 339, under heading "Increase of Individual Assessments." In support of the position we have taken in this case, see Bi-Metallic Invest. Co. v. State Board, supra; People ex rel Bracher v. Orvis, 301 Ill. 350, 133 N. E. 787, 24 A. L. R. 325; and cases cited in note, 24 A. L. R., beginning on page 333, under heading, "General or Horizontal Increase of Assessments of All the Property in a Given District or Division." Apparently there has evolved a more or less general rule, that, before a taxpayer's assessment can be increased by a reviewing board, which increase affects the taxpayer only as an individual, as distinguished from a member of a certain class, the taxpayer must have notice other than that fixing the time of meeting of the board, but, where the increase affects the taxpayer only as a member of a certain class, no other notice is necessary. A further discussion we believe would serve no useful purpose. The rule is not without foundation, and we believe should be applied in our decision in this case.

It is our opinion that the writ issued herein should be dismissed. Let judgment be entered accordingly.

CAMPBELL, P. J., and POLLEY and WARREN, JJ., concur.

ROBERTS, J., disqualified and not sitting.