STEINBERGS, INC., Respondent, v. HEGLE, et al, Appellants.

(258 N. W. 494.)

(File No. 7737.  Opinion filed January 24, 1935.)

*William A. Marble,* of Flandreau, for Appellants.

*Hall & Catlin,* of Pipestone, Minn., and *Doyle & Mahoney,* of Sioux Falls, for Respondent.

POLLEY, J.  This in an appeal from an order overruling a demurrer to plaintiff's complaint.

Plaintiff is a corporation organized and existing under the laws of the state of Minnesota.  It is a resident of Minnesota and has its place of business at Pipestone, in that state, but is engaged in the business of selling and distributing petroleum products such as gasoline, kerosene, oils, etc., in the state of South Dakota.  In the prosecution of said business, plaintiff operates two motor vehicles, which it loads with such products at its place of business in Minnesota, and delivers to its customers and consumers thereof who reside within this state, but who reside outside of the limits of cities and towns.  Plaintiff paid the compensation required by the laws of Minnesota for using the highways of that state, but has paid no compensation in any form or character for the use of the highways of this state.

Defendants, as officers of the law in Moody county, arrested and prosecuted one of plaintiff's truck drivers for a violation of the provisions of chapter 139, Laws 1933, relative to the operation of motor vehicles over the highways of this state, and threatened to

arrest and prosecute others of such drivers if they continued in the violation of said law; and this action was brought for the purpose of restraining and enjoining the defendants from making further arrests or prosecutions. It is admitted that defendants are the owners of the said motor vehicles and the product carried thereby, and that the said motor vehicles are operated by plaintiff's own employees; and are delivering such products to its customers who reside without the limits of cities or towns.

It is the contention of plaintiff that under the provisions of subdivision (j) of section 3, chapter 139, Laws of 1933, it is not a motor carrier and is, therefore, exempt from the payment of any compensation for the use of the highways of this state in the prosecution of its said business. The provisions of the above section 3, so far as applicable to this case, read as follows: "The term 'motor carrier,' when used in this Act, means any person owning, controlling, operating or managing any motor vehicle, trailer, or semi-trailer for the transportation of persons and/or property over the public highways in this state; providing, that the term 'motor carrier' as used in this Act shall not include * * * motor vehicles exclusively used by a person who delivers in his own vehicle goods and merchandise in pursuance of bona fide sales at retail to the consumers thereof, residing outside the limits of cities and towns. * * *"

Standing alone, the said provisions of section 3 support the contention of plaintiff. But defendants contend that the above provision is modified by other parts of said chapter, and that, when the whole chapter is read together, it shows an intent to require the payment of compensation for the use of plaintff's trucks on the highways in this state. This contention is based upon the provisions of subdivision (A) of section 7 of said chapter. This provision, so far as material to this case, reads as follows: "Every person or corporation, except as provided in sub-section (B) of this section, desiring to operate a motor vehicle, trailer, or semi-trailer, upon the public highways of this state as a motor carrier as herein defined," must pay certain specified sums as compensation for the use of the public highways. But this provision applies only to motor vehicles when used as motor carriers as defined by subdivision (j) of section 3 which exempts such vehicles as those operated by plaintiff. Whether the omission of plaintiffs trucks was

intentional or through oversight is not material. Suffice it to say that the law as it is does not require compensation for the use of plaintiff's trucks.

The order appealed from is affirmed.

ROBERTS and RUDOLPH, JJ., concur.
CAMPBELL, J., concurs in the affirmance of the order.
WARREN, P. J., disqualified and not sitting.