HOLDCROFT, Respondent, v. MURPHY, et al Appellants

(283 N. W. 860.)

(File No. 8252. Opinion filed February 8, 1939.)

*L. A. Temmey,* Atty. Gen., *Herman L. Bode,* Asst. Atty. Gen., and *E. D. Barron,* State's Atty., of Sioux Falls, for Appellants.

*Bielski, Elliot & McQuillen,* of Sioux Falls, and *Audley W. Johnson,* Sioux City, Iowa, for Respondent.

ROBERTS, J. Plaintiff, an interstate operator of motor vehicles for hire, brought this action to enjoin the defendants from enforcing against him certain provisions of the motor vehicle registration law. Section 6, chapter 183, Laws 1931, as amended by chapter 169, Laws 1937, provides in part as follows: "The following license fee and compensation for the use of the highways shall be paid annually to the County Treasurer

upon application for registration or re-registration of a motor vehicle, except as hereinafter provided, upon the basis of the manufacturer's weight as follows:" This language is followed by a graduated schedule of amounts applicable to motor vehicles classified by type and weight. These payments are "in lieu of all taxes, general or local, except compensation for use of highways by motor carriers, and registry taxes collectible before issuance of certificate of title." This statute further provides: "In addition to any or all of the above and foregoing license fees, registration fees and compensations for the use of the highways there shall be paid to the County Treasurer upon the application for the first or original registration of a motor vehicle, in the state of South Dakota after the effective date of this Act; an additional and further license fee of three per cent (3%) of the purchase price of such motor vehicle or the fair market value thereof whichever is the greater; the payment of such additional three per cent (3%) license fee shall be in full and in lieu of all occupational, sales, excise, privilege, and franchise taxes levied by the State of South Dakota upon the gross receipts from all sales of motor vehicles."

Section 7 of chapter 183, Laws 1931, as amended by chapter 145, § 2, Laws 1933, reads as follows: "The provisions of the foregoing sections relative to registration, payment of license fees and to display of registration numbers shall not be construed to apply to any motor vehicles owned by a non-resident of this State if the owner shall have complied with the provisions of the Law of the State of which he is a resident relative to the registration thereof and the display of a registration number plate thereon and shall conspicuously display his registration number plates as required by the Law of this State, except as hereinafter provided. The provisions of this section, however, as to the exemption from registration of any motor vehicle owned by a non-resident shall apply only to the extent that under the law of the State of his residence like exemptions and privileges are granted to motor vehicles, motorcycles, trailers, truck tractors, road tractors and motor busses, duly registered under the laws and owned by residents of this State. A non-resident within the meaning of the provisions of this section shall be held to mean a person residing in another state, territory or district, and

temporarily sojourning within this State for a period of not longer than ninety days."

Plaintiff, for a first cause of action, alleges that the statute providing for registration and payment of license fees by its terms exempts a non-resident operating a motor vehicle exclusively in interstate commerce and that if the statute be construed to apply to the plaintiff, it is violative of the commerce clause of the United States' Constitution. U. S. C. A. Const, art. 1, § 8, cl. 3.

Plaintiff, for a second cause of action, alleges that the three per cent additional registration fee is not applicable to an individual engaged exclusively in interstate transportation; that if plaintiff comes within the scope of these provisions, they are violative of the commerce clause of the United States Constitution; and that this portion of the statute pertaining to the three per cent additional registration fee not being embraced within the title to chapter 169, Laws 1937, is void.

There are also allegations to the effect that plaintiff has not made payment of the fees imposed by the registration statute; that defendants were threatening to enforce payment when this action was brought; and if defendants are permitted to enforce the collection of these fees substantial and irreparable injury to the business of the plaintiff will result. Defendants demurred on the ground that no cause of action is stated in the complaint. The demurrer was overruled and defendants have appealed to this Court.

Defendants contend that the demurrer should have been sustained for the reason that plaintiff has an adequate remedy at law and is not entitled to equitable relief. Section 6826, Rev. Code 1919, originally enacted in 1915 (chapter 289, Laws 1915), declares that "any person against whom any tax is levied or who may be required to pay the same, who pays the same under protest to the treasurer authorized to collect the same, giving notice at the time of payment of the reasons for such protest may, at any time within thirty days thereafter, commence an action against such treasurer for the recovery thereof in any court of competent jurisdiction, and if the court determines that the same was wrongfully collected, in whole or in part, for any reason going to the merits of the tax, it shall enter judgment accordingly, and such judgment shall be paid in preference to any other claim against the county, upon the final determination of the action; and the pro rata share of the

money so refunded shall be charged to the state and each taxing district which may have received any part of such tax. The right of appeal shall exist to both parties as in other civil actions. No injunction to restrain or delay the collection of any tax claimed to be due shall be issued by any court, but in all cases in which, for any reason, it shall be claimed that any tax about to be collected is wrongful or illegal, in whole or in part, the remedy, except as otherwise expressly provided by this code, shall be by payment under protest and action to recover, as provided in this section."

The plaintiff in the case of Zimmerman v. Corson County, 39 S. D. 167, 163 N. W. 711, sought an injunction to enjoin the defendant from collecting certain personal taxes based upon an alleged illegal assessment. The defendant county on appeal contended that an injunction did not lie because chapter 289, Laws 1915, furnished a plain, speedy and adequate remedy at law. This Court held that the trial court erred in granting an injunction; that this statute providing for payment of taxes under protest and an action to recover afforded plaintiff an adequate remedy at law. See also Chicago & N. W. R. Co. v. Rolfson, 23 S. D. 405, 122 N. W. 343; Chicago, St. P. M. & O. R. Co. v. Mundt, 56 S. D. 530, 229 N. W. 394; Barnsdall Refining Corp. v. Welch, 64 S. D. 647, 269 N. W. 853; Security Nat. Bk. v. Twindle, 52 S. D. 352, 217 N. W. 542.

Plaintiff in so far as concerns the first alleged cause of action challenging the right of defendants to collect the annual registration fee contends that such payment is a license and not a tax within the meaning of section 6826; that the remedy therein provided applies exclusively to an ad valorem tax. It is denominated in the statute a "license fee and compensation for the use of the highways." The statute forbids the operation of motor vehicles upon the highways until the registration fee is paid. It contains provisions for the issuance of certificates of title and display of number plates. This court interpreting a statute requiring the payment of an annual registration fee on all motor vehicles used on the highways of this state held that it was not a property tax, not being levied upon the motor vehicle itself, or upon its possession or ownership, but was a tax only for the privilege of using the vehicle upon the public highways, not imposed

unless such vehicle was used in the manner indicated. In re Hoffert, 34 S. D. 271, 148 N. W. 20, 52 L. R. A., N. S., 949. We think that the exaction here involved is also an excise tax, for revenue purposes, imposed upon the privilege of operating motor vehicles upon the highways of this state. The character of the tax is not changed because the statute exempts motor vehicles licensed under its terms from payment of property taxes. Storaasli v. Minnesota, 283 U. S. 57, 51 S. Ct. 354, 75 L. Ed. 839.

■■ With this understanding of the nature of the annual registration fee, we come to the question as to whether the remedy provided by section 6826 applies to excise or privilege taxes. It may be assumed that this section does not apply to a license or regulatory charge imposed under the police power of the state. See State v. Kirby, 34 S. D. 281, 148 N. W. 533. The remedy is available to any person against whom "any tax" is levied or who may be required to pay the same. The term "tax" in a general sense includes every burden upon persons and property imposed by or under the authority of the legislature for raising revenue, but its application may vary to some extent according to the intention and purpose of the particular statutory provision. 61 C. J. 168. It does not appear from the terms of the section that the remedy shall apply alone to ad valorem taxes. Its provisions are equally applicable to privilege or excise taxes which are required to be paid to the county treasurer and which otherwise come within the provisions of the section.

Plaintiff further contends that section 6826 does not provide an absolute bar to actions for injunction; that effect must be given to the words "except as otherwise * * * provided by this code" contained in the statute; and that sections 2034 and 2424, Rev. Code 1919, providing for injunctive relief, are within the purview of the exception. The language referred to was not in the statute as originally enacted. A statute authorizing the abatement and refund of taxes in certain instances by boards of county commissioners was enacted in 1917, two years after the enactment of the statute providing for payment of taxes under protest. Chapter 130, Laws 1917 (§ 6813, Rev. Code 1919). These statutes provide alternative modes of procedure for recovery of taxes in all cases where the refund statute is applicable. Security Nat. Bk. v. Twindle, supra. The revisors of the Code of 1919 apparently

for the purpose of harmonizing the provisions of the statute permitting suits to recover taxes and forbidding injunctions to restrain their collection with the statute subsequently enacted inserted the exception.

██ It is unnecessary to consider the precise effect and scope of the statutory prohibition against interference by injunction or the power of the legislature to define the limits of equity jurisdiction. See Casey v. Smth, 36 S. D. 36, 153 N. W. 918, 919; State v. Nieuwenhuis, 49 S. D. 181, 207 N. W. 77. Inadequacy of a remedy at law is the basis on which a court of equity founds the exercise of its power to afford relief by injunction, and this principle is of peculiar force in actions where it is sought to enjoin the collection of a tax. Zimmerman v. Corson Co., supra. There being a legal remedy for the recovery of a tax, in the absence of allegations setting forth special circumstances which would render the legal remedy inadequate, plaintiff may not invoke the jurisdiction of equity.

The conclusion that the plaintiff had an adequate remedy at law is here decisive and the order appealed from is therefore reversed.

All the Judges concur.