RUTZEN, et al, Appellants, v. CITY OF BELLE FOURCHE, et all, Respondents

(20 N. W.2d 517.)

(File No. 8761. Opinion filed. November 10, 1945.)

**Henry C. Mundt,** of Sioux Falls, **Roy A. Swayze,** of Arlington, Va., and **Hayden C. Covington,** of Brooklyn, N. Y., for Plaintiffs and Appellants.

**Burton Penfold,** City Atty., of Belle Fourche, for Defendants and Respondents.

SEACAT, Circuit Judge.   This action was commenced by the plaintiffs, who are members of a religious sect known as Jehovah's Witnesses, to enjoin the City of Belle Fourche, its mayor, councilmen, chief of police, and city attorney, from enforcing City Ordinance No. 95 of the City of Belle Fourche as against the plaintiffs and all other Jehovah's Witnesses on account of their activity in distributing certain books, pamphlets and periodicals on the streets, sidewalks and alleys of the city, and to have said ordinance declared void as violating freedom of worship, freedom of speech and of the press, under Amendments 1 and 14 of the Constitution of the United States, and Sections 2, 3, 4 and 5 of Article VI of the Constitution of this state.

The ordiance in question provides: "It shall be unlawful for any person * * * to sell, offer for sale or distribute any books, pamphlets, tracts, charts, circulars or periodicals, or to exhibit or carry any banners, placards or advertisements or to distribute handbills upon any of the streets, alleys, sidewalks, parks or public places of or within the City of Belle Fourche, South Dakota, when such practice or practices have a tendency to annoy persons frequenting or using

such streets, alleys, sidewalks, parks or public places within said City, without having first having obtained a written permit thereof from said City in the manner as hereinafter expressly provided."

Section 2 of the ordinance provides that the permit is to be issued upon application for which no fee is charged.

It is a practice of the appellants and other Jehovah's Witnesess to go upon the streets and sidewalks of Belle Fourche to distribute their religious literature, namely, the Watchtower and Consolation magazines, on a contribution of 5 cents a copy to defray printing expenses, or to give the magazines away on a promise of the taker to read the same. This was a form of religious worship and for which they received no pay.

On the 19th day of December, 1942, the appellants and four other Jehovah's Witnesses were arrested by the defendant, A. O. McCullough, chief of police, for violating this ordinance. The following Saturday, and again on January 28, 1943, and June 19, 1943, the appellants and other members of this religious sect were arrested by Mr. McCullough, chief of police, charged with violating this ordinance, and at the time the action was tried to the Court on December 17, 1943, all of these prosecutions, except the arrests that were made on December 19, 1942, were pending in the Justice Court of the city or on appeal to the Circuit Court, and no further arrests had been made since the 19th of June, 1943. The various exibits introduced disclosed that Mr. McCullough, as chief of police, swore out all of the complaints and made all of the arrests, and at the trial the chief of police and the city attorney were both cross-examined under the statute by the appellants. Mr. Penfold, the city attorney, testified in substance that he did not intend to harass any of these people (meaning Jehovah's Witnesses), but that if arrests were made under the ordinance and the matter was brought to his attention, he intended to prosecute them for the violations, but did not intend to cause the appellants or other Jehovah's Witnesses to be arrested, or to swear out any complaint for their arrest. On cross-examination, the chief of police testified that he was the chief of

police, but he was never asked if, and he did not testify that, he intended to make any further arrests or to swear out any further complaints against the appellants or any other Jehovah's Witnesses under said ordinance.

The trial court, in exercise of its discretion as to granting of injunction, is not only authorized but bound to determine not merely whether plaintiff is entitled to injunction at the time of instituting action therefor, but whether such relief should be granted under facts as they appear at the time of trial. Ericksen v. John Morrell & Co., 70 S. D. 38, 14 N. W.2d 88.

Section 37.4302 of the South Dakota Code of 1939 provides:

"An injunction cannot be granted:

"(1) To stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings; * * *."

Under this section and in view of the record in this case, the trial court was without authority to stay the prosecutions that were pending at the time of the commencement of the action, as all prosecutions had been continued indefinitely, and the grounds asserted in the complaint as entitling the appellants to the injunction may be interposed as a complete defense to any of the pending prosecutions.

The primary purpose of this suit is to enjoin the commencement of future prosecutions against the appellants and other Jehovah's Witnesses under this ordinance.

The general rule is stated in 28 Am. Jur. 372, Section 183: "In general, equity will not intervene for the purpose of restraining the enforcement of a criminal statute or regulatory ordinance providing a penalty for its violation, even though it is being enforced in an oppressive and unlawful way and even though such statute or ordinance may be unconstitutional, since such invalidity may be interposed as a complete defense to any prosecution based on such statute. * * *"

32 C. J. 279-281 says:

"If the statute on which the prosecution is based is valid, the fact that the enforcement thereof would materially injure complainant's business or property constitutes no ground for equitable interference. It is only where the statute or ordinance is unconstitutional or otherwise invalid and where in the attempt to enforce it there is a direct invasion of property rights resulting in irreparable injury that an injunction will issue to restrain the enforcement thereof. Both of these elements are indispensable, and the latter element is not present where it appears that the injury or loss to plaintiff's business or rights of property would be only such as would incidentally flow from the arrest and prosecution thereunder. Courts will not interfere by injunction where the injury inflicted or threatened is merely the vexation of arrest and punishment of complainant who is left free to litigate the questions of unconstitutionality of the statute or ordinance or its construction or application in making his defense at the trial or prosecution for its violation.

"This general rule is based upon the principle that equity is concerned only with the protection of civil and property rights, and is intended to supplement, and not usurp, the functions of the courts of law, that to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses would constitute an invasion of the courts of common law, and on the fact that the party has an adequate remedy at law by establishing as a defense to the prosecution that he did not commit the act charged, or that the statute or ordinance on which the prosecution is based is invalid, and, in case of conviction, by taking an appeal. * * *.

"It is not a ground for injunctive relief that the prosecuting officer has erroneously construed the statute on which the prosecution is based so as to include the act or acts which it is the purpose of the prosecution to punish." See also 43 C. J. S., Injunctions, § 156; Mundell v. Graph et al., 62 S. D. 631, 256 N. W. 121.

In the case of Minneapolis Brewing Co. v. McGillivray, C. C., 104 F. 258, 272, which was an action commenced by the Minneapolis Brewing Co. against the chief of police of

the city of Madison, the sheriff and state's attorney of Lake County, South Dakota, and others, to enjoin the enforcement of the provisions of Chapter 72, Session Laws of South Dakota for the year 1897, the Court said:

"In so far as this bill seeks to enjoin the commencement of criminal proceedings, it cannot be maintained. A court of equity possesses no such power. This is settled by a uniform current of authorities in England for two centuries, and in this country from the foundation of its jurisprudence. In the case of In re Sawyer, 124 U. S. [200], 210, 8 S. Ct. [482], 487, 31 L.Ed. [402], 405, the supreme court uses the following language:

" 'The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property. It has no jurisdiction over the prosecution, the punishment, or the pardon 'of crimes or misdemeanors, or over the appointment and removal of public officers. To assume such a jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses, or for the removal of public officers, is to invade the domain of the courts of common law, or of the executive and administrative department of the government. * * * Mr. Justice Story, in his Commentaries on Equity Jurisprudence, affirms the same doctrine. Section 899. And in the American courts, so far as we are informed, it has been strictly and uniformly upheld, and has been applied alike whether the prosecutions or arrests sought to be restrained arose under statutes of the state or under municipal ordinances.' " Minneapolis Brewing Co. v. McGillivray et al., C. C., 104 F. 258.

In Watchtower Bible & Tract Society et al. v. City of Bristol et al., D. C., 24 F. Supp. 57, 59, affirmed by the Supreme Court of the United States in 305 U. S. 572, 59 S. Ct. 246, 83 L. Ed. 361, a suit was brought by the plaintiffs, as members of the organization known as Jehovah's Witnesses, against the City of Bristol, the mayor, the chief of police, and the prosecuting attorney of the city, for a permanent injunction restraining the defendant from enforcing a Connecticut statute prohibiting breaches of the peace or threats to an-

other or the use of indecent language or gestures toward another or intimidations or threats to commit a crime by any writing, or the writing, printing and publicly exibiting or distributing of offensive, indecent or abusive matter concerning any person, declaring that same was in conflict with the Federal Constitution, the Court by a per curiam opinion said: "* * * equity will ordinarily not interfere to prevent the enforcement of a criminal action even though unconstitutional. To justify interference there must be circumstances presented showing clearly that an injunction is necessary in order to afford adequate protection. Terrace v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255; Packard v. Banton, 264 U. S. 140, 143, 44 S. Ct. 257, 258, 68 L. Ed. 596. In the instant case, if the statute is misapplied or in conflict with the Federal Constitution, these questions can be raised in the criminal prosecution trial where there is ample opportunity for a review of the federal questions presented. Fenner v. Boykin, 271 U. S. 240, 46 S. Ct. 492, 70 L. Ed. 927. * * If a federal question is presented, they may appeal to the Supreme Court of the United States. The only injury that can be found from this bill of complaint is that the complainants will not be free to go about the countryside pursuing their work or preaching their doctrine and distributing their literature. There is no irreparable damage which warrants equitable relief."

In affirming the decision in Watchtower Bible & Tract Society et al. v. City of Bristol et al., supra, the Supreme Court of the United States cited with approval the case of In re Sawyer et al., 124 U. S. 200, 8 S. Ct. 482, 31 L. Ed. 402.

■ In the case at bar, each plaintiff has an adequate remedy at law in the trial of any prosecution now pending or that may be instituted in the courts for violation of the ordinance, and if the ordinance is misapplied or in conflict with the State or Federal Constitution, these questions can be raised in such prosecutions. There is no irreparable damage which warrants equitable relief, although the complainants may not be free to carry on their ministry while they are using the legal remedy available to them in the trial of the criminal cases pending against them. As there

are no circumstances presented showing clearly that an injunction is necessary in order to afford adequate protection, it is unnecessary to consider or determine the questions presented as to the constitutionality of the ordinance in question.

The judgment of the trial court denying the injunction is affirmed.

SMITH, P. J., and ROBERTS, RUDOLPH and SICKEL, JJ., concur.

SEACAT, Circuit Judge, sitting for POLLEY, J.