PHILARD INC., Respondent, v. RIIFF et al., Appellants

(41 N. W.2d 229)

(File No. 9084. Opinion filed February 15, 1950)

**Sigurd Anderson,** Atty. Gen., **W. O. Knight,** Asst. Atty. Gen., **Tom H. Luby,** Huron, for Defendants and Appellants.

**Max Royhl** and **Boyd M. Benson,** Huron, for Plaintiffs and Respondents.

RUDOLPH, J.   Pending the trial of this action on the merits the trial court restrained defendant officers from in any manner interfering with the operation of plaintiff Philard's trucks because of the failure of Philard to pay compensation fees under the provisions of SDC 44.0426, as amended by Ch. 195, § 3, Laws of 1947.   Upon the application of defendants, permission was granted to appeal from the order of the trial court.   The question presented is whether granting the preliminary injunction or restraining order was a proper exercise of power by the trial court.

It appears from the complaint and affidavit submitted in support of the application for the restraining order that plaintiff Philard is exclusively engaged in wiring farm homes and buildings for electricity and in building electric lines which are used exclusively for farm purposes.   In connection with its work Philard owns a number of trucks which are used exclusively for delivery of electrical appliances to farmers and transporting workmen and tools.   On December 8, 1948, Conrade, who was driving one of Philard's trucks was arrested for failure to purchase compensation plates and is threatened with prosecution.   Defendants are requiring Philard to purchase compensation plates for the truck operated by Conrade, and all other of its trucks used as above stated.

It is Philard's position that it is not a motor carrier subject to the payment of compensation fees.   Philard con-

tends that the definition of a motor carrier as set forth in SDC 44.0422 as amended by Ch. 160, Laws of 1943, specifically excludes its trucks by the following language, "The term 'motor carrier' * * * shall not include * * * motor vehicles exclusively used in the transportation of products originating in or produced from or necessary to or for farming * * * operations when transporting such products actually produced or owned by the owner of such motor vehicle or motor vehicles * * * motor vehicles exclusively used by a person who delivers in his own vehicle goods and merchandise in pursuance of bona fide sales at retail to the consumers thereof, residing outside the limits of cities and towns."

The first cause of action in plaintiffs' complaint seeks a declaration or rights. The second cause of action seeks an injunction pending the final decision of the court. It is clear that this second cause of action seeks relief in equity. Plaintiffs allege that unless a temporary restraining order is issued they will be subject to a multiplicity of suits, that Philard's officers, agents and servants will be arrested and prosecuted causing irreparable loss of time and money.

■■ In the case of Holdcroft v. Murphy, 66 S.D. 388, 283 N.W. 860, this court held that the annual motor vehicle registration fee exacted by SDC 44.0107 is an excise tax for revenue purposes imposed upon the privilege of operating motor vehicles upon the highways, and is subject to the provisions of SDC 57.0901 which prohibits the issuance of an injunction to restrain the collection of a tax. We believe this holding controls the present dispute. The exaction here involved as disclosed by the declaration of policy contained in SDC 44.0420 is for revenue purposes, and is imposed only for the privilege of using the motor vehicle upon the public highways. The purpose and character of the exaction of compensation fees is in all respects identical to the purpose and character of the exaction of license fees, except as to class of vehicles.

Nor do we find anything presented by this record from which it might be determined that the legal remedy provided by SDC 57.0901 is inadequate. Philard is seeking to test the validity of the tax statute as applied by the officers.

Payment under protest furnishes a complete and adequate remedy. The fact that Philard deems its method of proceeding more convenient does not justify its proceeding in disregard of the statutory remedy. Plaintiff Conrade has an adequate remedy in that the grounds asserted in support of the injunction may be interposed as a defense to the pending prosecution. Rutzen et al. v. City of Belle Fourche, 71 S.D. 10, 20 N.W.2d 517.

Plaintiffs contend that the issuance of a preliminary injunction is with the judicial discretion of the court, and that no abuse of such discretion is here shown. However, plaintiffs are here seeking to avoid the statutory legal remedy and invoke the owner of a court of equity. The statute which affords the legal remedy and denies the right to an injunction makes no distinction between preliminary and final action by the court. We have held that the statutory legal remedy is adequate and it follows that respondent may not invoke the power of a court of equity for any purpose in this proceeding.

In the case of Steinbergs, Inc., v. Hegle, 63 S.D. 350, 258 N.W. 494, no issue was presented relating to the remedy.

The order appealed from is reversed.

All the Judges concur.