ARNESON et al., Respondents v. BAKER et al., Appellants
(77 N.W.2d 325)

(File No. 9529. Opinion filed May 31, 1956)

E. V. Morrill and Russell C. Molstad, Sturgis, for Defendants and Appellants.

Bangs & McCullen, Rapid City, for Plaintiffs and Respondents.

MANSON, Circuit Judge. This action was commenced in the summer of 1954 in the Circuit Court in and for Meade County, South Dakota, by complaint alleging the illegality of the tax upon the several parcels of real property owned by plaintiffs and situate in the unorganized townships in said county. It appears from the complaint that such real property was duly assessed in 1953 by the county assessor of Meade County, who gave notice to the plaintiffs of the valuations so established and who thereafter filed his list of taxable property and valuations thereon, affecting plaintiffs' property as well as other property owners in the county, with the County Auditor. The complaint further alleges that the Board of County Commissioners then proceeded to increase the assessed valuation of the property so owned by plaintiffs without giving them individual notice of the intention to so increase the assessment or of the accomplished increase and concludes with a prayer in the usual form, asking for a judgment declaratory of plaintiffs' rights in the premises, under the provisions of SDC 57.04 and particularly praying that the raise in assessment so made, and the tax spread thereon, be held to be void to the extent of the increase, the plaintiffs alleging that they then stood ready to tender the amount of tax based on the original assessment.

Defendants first moved to dismiss the complaint upon the ground that it failed to allege facts sufficient to constitute a cause of action and, secondly, that the action did not lie because a plain, speedy and adequate remedy at law was available to plaintiffs. This motion was denied by the court and the action duly came on for trial on a stipulated

statement of facts. Judgment was rendered thereon on February 28, 1955, for the plaintiffs, adjudging the purported increase in valuation to have been void, establishing the original assessment valuation as the true valuation and directing the County Treasurer to accept payment of taxes based upon the valuation thus established.

From the order denying the motion to dismiss and the judgment, defendants have appealed.

Appellants' primary contention in respect of the challenged ruling on the motion to dismiss is based upon the provisions of SDC 57.0901, and is especially premised upon appellants' interpretation of the last paragraph of this code section, reading:

> "No injunction to restrain or delay the collection of any tax claimed to be due shall be issued by any court, but in all cases in which, for any reason, it shall be claimed that any tax about to be collected is wrongful or illegal, in whole or in part, the remedy, except as otherwise expressly provided by this Code, shall be by payment under protest and action to recover, as provided in this section."

Appellants cite Holdcroft v. Murphy, 66 S.D. 388, 283 N.W. 860 (injunction denied); Security National Bank v. Twinde, 52 S.D. 352, 217 N.W. 542 (tax refund denied); Midwest Oil Co. v. Youngquist, 69 S.D. 461, 11 N.W.2d 662 (mandamus denied) and Philard, Inc., v. Riiff, 73 S.D. 219, 41 N.W.2d 229 (preliminary injunction denied) in support of their position, arguing that the remedy of declaratory judgment is an equitable remedy resembling injunction and therefore proscribed by the statute.

■ ■ This contention is, we believe, untenable. The remedy here invoked could not have affected the operation of collection procedures available under the law, since injunctive relief was not asked by plaintiffs at any state. The tax here involved was, in fact, paid by the plaintiffs, with the court approved position for ultimate disposition of the disputed portion according to the judgment of the trial court. Collection of the tax was in no way delayed or hindered by the maintenance of this action, which seeks only a declaration and is thereby distinguished from the case

of Philard, Inc., v. Riiff, supra, where preliminary injunction was improperly granted in an action which basically sought a declaratory judgment. Corollary to this consideration is, of course, whether or not the remedy granted in this case is available to review questions involving taxation. The Uniform Declaratory Judgments Law, SDC 37.01, contains the following language at SDC 37.0112:

> "This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

and has been the subject of several decisions relating to taxation matters collated in a note appearing in 11 A.L.R.2d 359. These decisions approve the applicability of the remedy in tax cases generally, and in the included case of Berlowitz v. Roach, 252 Wis. 61, 30 N.W.2d 256, 258, the Wisconsin Supreme Court, in construing the statute, together with others very much the same as ours, has said:

> "Appellants further argue that the uniform declaratory judgment statute cannot apply here for the reason that sec. 139.04 Stats. provides the exclusive procedure whereby any taxpayer may question his liability for the tax in issue. This section provides that no action shall be maintained in any court to restrain or delay the collection or payment of a tax levied under sec. 139.26, and then provides the taxpayer must pay the tax under protest and that he may then bring an action at law to recover the money so paid, provided it is brought within ninety days after the date of payment. If this is the exclusive remedy, it means that between thirteen and fourteen thousand taxpayers must pay the tax and bring separate actions to determine whether the officer acted within the law in enforcing the payment of the tax. Seeking a declaratory judgment does not delay the collection or payment of the tax as the officer in charge is in position to enforce its payment at all times while the action is pending. While it is true that no restraining order would lie during the pendency of the action, it does not follow that the legislature intended this to be the exclusive remedy which a taxpayer has and that the declaratory judgment statute is not to apply. Sec. 139.04, Stats., prohibits actions that will re-

> strain or delay the collection or payment of the tax. It also authorizes suit to be brought against the state in the event the taxpayer elects to follow the procedure provided. An action seeking a declaratory judgment does not delay the collection of the tax, and there is no provision in sec. 139.04, Stats., which prohibits this procedure unless it must be inferred from the general language of the statute. We find nothing that warrants this inference. The state is not harmed. The taxpayer and the officer charged with the collection of the tax are afforded an expeditious method of having the statute construed under a procedure looked upon with favor by courts generally."

Reason would seem to support adoption of this construction of the statute, permitting speedy determination of such questions as are here involved without any interruption of the collection processes, and in a manner which would permit the joinder in interest of many plaintiffs who might otherwise, however much aggrieved, be individually unable to secure review of such questions. The ruling of the trial court upon the motion to dismiss is accordingly affirmed.

Turning next to consideration of the case upon the merits, it appears that the original assessment of the real property here involved was evidenced by the filing of a list of taxable property by the County Assessor of Meade County, following his assessment of the property here involved, with the County Auditor, which list contained a description of the property with the valuations placed upon each lot or parcel, according to law. It further appears that each of the respondents received a copy of this list and was thus apprised of the original valuation. This list in the possession of the County Auditor was thereafter subjected to revision upward by the Board of County Commissioners of Meade County, acting as a board of equalization under the statute, which increase in valuation was reflected in a resolution duly enacted and published in the official proceedings of the board of equalization, which resolution, inter alia, provided for real property valuation increases on a percentage basis for organized townships, the percentage varying from township to township, and indicating equaliza-

tion as to unorganized townships by reference to the record of the County Auditor.

It does not appear that any of the published proceedings directly referred to the increase in valuations in the unorganized townships. These increases appear to have been at the rate of $1.00 per acre on the property of respondents, and appellants contend that this raise was uniform to the extent that it applied to all lands in unorganized townships. The raise was noted directly upon lists which were in the custody of the County Auditor, but no individual or personal notice was ever given to any of the respondents, either before or after the increase, of any equalization action by the board.

Appellants, citing Beveridge v. Baer, 59 S.D. 563, 241 N.W. 727, 84 A.L.R. 189 and Common Council of City of Watertown v. Department of Finance, 59 S.D. 573, 241 N.W. 731, contend that the Board of County Commissioners were, in the first instance, empowered to increase valuations throughout the county on a horizontal basis, which is to say, equally across the county and that the board, being so empowered, did so. Respondents challenge the character of the increase, contending, for their part, that the increase was not horizontal in nature but of an individual character and that failure to give individual notice invalidated the increase.

Cases cited by appellants do not refer to real property in unorganized townships, but it would appear that the basic question for consideration is whether a county board is authorized to raise the assessor's valuations of all the real property in the unorganized territory of a county a fixed amount per acre. The authority of the board in respect of real property in unorganized townships is contained in SDC 57.0407 which provides as follows:

> "As to property assessed in districts having no local board of equalization, such county board of equalization shall raise the valuation of each tract or lot of real property which, in its opinion, is returned below its true value, to such price and sum as it believes to be the true and full value thereof. It shall reduce the valuation of each tract or lot, which in its opinion is returned above its

true and full value, to such price and sum as it believes to be the true and full value thereof."

The statute recognizes the probability of erroneous valuations in the assessment of property resulting in a disproportionate burden of taxes and contemplates that this inequality be remedied by bringing all assessments to a common standard of value. The statute provides for raising or lowering valuations on each tract or lot to its true value. A percentage increase of all real property in the unorganized territory of a county would not in itself result in a lack of uniformity, but the question whether such a percentage increase may be made as to real property in a district having no local board of equalization need not be decided. The record shows that the properties in question are of disproprortionate value and that the board did not increase the assessments upon a percentage basis, but added a fixed amount an acre. This constitutes an increase in individual assessments. If there were inequalities in valuations, the action of the board tended to accentuate and not to correct the inequalities. In view of the fact that no notice was given of the increased assessments, we think that under the holding in Beveridge v. Baer, supra, plaintiffs were entitled to the relief granted.

The judgment of the circuit court is affirmed.

All the Judges concur.

MANSON, Circuit Judge, sitting for RENTTO, J. Disqualified.