CASEY, Appellant, v. BUTTE COUNTY, Respondent.

(217 N. W. 508.)

(File No. 6377. Opinion filed December 31, 1927.)

*J. M. Armstrong,* of Belle Fourche, for Appellant.
*C. P. Seward,* of Belle Fourche, for Respondent.

BROWN, J.   This is an action brought by John R. Casey as administrator of the estate of Thomas Casey, deceased, against Butte county to recover certain real estate taxes paid by the de-

ceased, Thomas Casey, on land embraced in an entry in the Belle Fourche irrigation project.

Thomas Casey made homestead entry of the land on April 25, 1911, made proof of his residence under the Homestead Law (12 Stat. 392, as amended), and on January 31, 1918, was notified by the Department of the Interior that his proof was sufficient. Neither he nor his heirs had made proof of compliance with the reclamation law, and had received no certificate of compliance with the Reclamation Act (32 Stat. 388, as amended) at the time of the commencement of the action. The land embraced in the farm unit of the deceased had been assessed for taxes in the years 1918-1923, inclusive, and on the assessed valuation of the land, not including structures, the deceased had paid taxes to the amount of $664.95.

On January 4, 1926, the administrator of the estate of Thomas Casey presented to the board of county commissioners of Butte county an application for a refund of said taxes, on the ground that the land was exempt from taxation. The board rejected the application, and appellant appealed to the circuit court, which made a decision in favor of the defendant on which judgment was entered denying the application for refund and dismissing the action on its merits, from which judgment the administrator appeals.

█ While the trial court found that no proof had been made in the land department of compliance with the reclamation law under the entry of Thomas Casey, it also found that at the time the taxes were assessed and paid, Casey had in fact complied with the requirements of that law; that during those years he had 60 acres of the tract cultivated to alfalfa, which was irrigated from the Belle Fourche irrigation project during each of the years for which it was assessed, and from such finding concluded as a matter of law that the land was liable to taxation, and therefore the applicant was not entitled to a refund.

The judgment of the trial court finds support in Cheney v. Minidoka County, 26 Idaho 471, 144 P. 343, and United States v. Canyon County (D. C.), 232 F. 985. But in Irwin v. Wright, 258 U. S. 219, 42 S. Ct. 293, 66 L. Ed. 573, the Supreme Court of the United States in an opinion by Chief Justice Taft considers the whole subject, and holds that the two cases above cited place an improper construction on the provisions of the Reclamation Act involved in this case.

In the case of Irwin v. Wright, it is pointed out that the entryman of a farm unit under the requirements of the act is required to clear the land of brush and other incumbrances, to provide irrigation ditches for the irrigation of the land, and to grade and put the land in proper condition for crop growth, and plant, water, and cultivate during the two years next preceding the filing of his final affidavit half of the irrigable area in his entry and grow satisfactory crops thereon; and, upon final proof showing these facts and that he made all payments due by the terms of the Reclamation Act up to that time, a final certificate is to be issued to the entryman, and not until this certificate is issued is the land taxable by the state. It was contended in that case, as in this, that before the final certificate was issued the entryman had a right to sell or mortgage the land embraced in his entry, subject to the lien of the United States for the payments remaining to be made, all of which showed that he had a valuable interest or equity in the land, and that only the equity of the entryman was intended to be assessed and taxed.

In disposing of this contention, the Supreme Court says:

"It is enough to say that the entrymen did not have the equitable title until they received the final certificate and their interest in the government's land, until that issued, was, for the reasons given, not taxable."

This decision of the Supreme Court of the United States is binding upon the courts of this state. Porter v. Steinmetz, 37 S. D. 488, 159 N. W. 39.

As it is conceded that no final certificate has ever been issued for Thomas Casey's entry, it follows that the land was not taxable in the years for which it was assessed and for which Casey paid the taxes.

This brings us to the question whether the taxes, which were paid voluntarily, can be recovered back. Section 6826, R. C. 1919, provides that any person against whom any tax is levied may pay the same under protest, to the treasurer, giving notice of the reasons for his protest, and may within 30 days commence an action against the treasurer in any court of competent jurisdiction to recover the taxes so paid.

Section 6813 provides that unless otherwise expressly provided, if any person against whom an assessment has been made claims

the assessment of any tax to be invalid for any reason stated in the section, one of which is, "When * * * the property is exempt from the tax," the same may be abated or the tax refunded, upon application made to the board of county commissioners. As we have seen, in the case at bar, the property was exempt from the tax, but respondent contends that the provisions of section 6813 are not applicable in this case and that recovery of the taxes paid may only be had, if at all, under the provisions of section 6826, and since the tax was not paid under protest, recovery cannot be had under section 6826, and the judgment of the trial court should be affirmed. Respondent says:

"To hold that section 6813 applies in the instant case would be equivalent to the court's repealing section 6826, for it is plain that the protest statute is a dead and obsolete statute if it does not apply and rule in the instant case."

We cannot concur in this contention. The protest statute gives the party paying under protest the right to commence action immediately in any court of competent jurisdiction for the recovery of the taxes. Section 6813 and succeeding sections require an application to the board of county commissioners setting forth the grounds upon which the claim for a refund is made; that the application shall be presented to the board at its next regular meeting; and that an appeal from a decision of the board can be taken in the same manner as appeals from decisions of the board of county commissioners in any other matter. On such appeal, the appellant has to give a bond conditioned to prosecute the appeal without delay, and to pay all costs that he may be adjudged to pay in the Circuit Court.

We find no conflict between the provisions of section 6813 and those of section 6826; each provides a different method of obtaining the same end, the refund of an unauthorized tax. This is clear from the language of section 6819, providing for the right of appeal from the decision of the board of county commissioners on an application for refund, where it is stated that the right to proceed under the provisions of this Code relating to actions to recover taxes paid under protest is not qualified or limited by the article relating to application to the board of county commissioners for a refund.

Finally, it is contended by respondent that the administrator is not the proper party to bring the action because, under the land laws of the United States, where the homestead entryman dies before patent, the property goes to the heirs by purchase and not by descent, and therefore the rights of action, if any, is in the heirs and not in the administrator. But this action does not in any manner involve the right to the land. It is an action for the recovery of money claimed to have been collected by the county under the guise of taxes when no taxes were due. The fact that the taxes were claimed under an assessment of real estate dos not in any mannr make the real estate the subject of the action. Whether the right to recover any part of the taxes claimed is barred by the statute of limitations is not presented by the record on this appeal.

The judgment of the trial court is reversed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.