SECURITY NATIONAL BANK, Respondent, v. TWINDE et al, Appellants.

(217 N. W. 542.)

(File No. 6617. Opinion filed January 16, 1928.)

354

*Buell F. Jones,* Attorney General., *E. D. Roberts,* Assistant Attorney General, *A. B. Jaynes,* State's Attorney, of Watertown, and *E. E. Wagner,* of Mitchell, for Appellants.

*Perry F. Loucks,* of Watertown, *R. A. Dunham,* of Clark, and *Hasche & Foley, Matthew J. Schmit,* and *F. B. Stiles,* all of Watertown, for Respondent.

BROWN, J. The facility with which moneys and credits had theretofore escaped taxation led to the adoption in 1918 of an amendment to section 2, art. 11, of the Constitution (see Laws 1917, c. 161), and to the enactment of chapter 109, Laws of 1919, whereby for purposes of taxation moneys and credits were classified and taxed at a different rate than other personal property.

In the five years 1920-1924, inclusive, the capital stock of plaintiff was assessed as personal property other than moneys and credits, and plaintiff paid taxes thereon to the amount of $21,993.34 in excess of what would have been due had the capital stock been assessed as moneys and credits. The last half of the 1921 tax was paid under protest, but no suit was brought for the recovery of any part of it. The rest of the taxes were paid voluntarily and without protest.

In April, 1926, plaintiff made an application to the board of county commissioners of 'Codington county for a refund of the above excess with interest. The application was denied, and plaintiff appealed to the circuit court, which gave judgment in favor of plaintiff for $21,993.34 and `$7,260.85 interest, and defendants appeal.

Conceding for the purposes of the case, that the evidence introduced in the trial proved that taxation of plaintiff's capital stock at a higher rate than that of moneys and credit was taxing it at a greater rate than other moneyed capital in the hands of individual citizens of the state coming into competition with the business of national banks, which is prohibited by section 5219, R. S. U. S. (U. S. Comp. St. § 9784 [12 USCA § 548]), we proceed to consider whether plaintiff in this proceeding can recover back the excess tax paid.

Under the statutes of this state two different courses are open to a tax payer for the recovery of taxes paid, which he claims should not have been charged against him. Under section 6826 of the Code, which was originally enacted as chapter 289 of the Laws of 1915, he may pay the tax under protest, stating the reasons for his protest, and may within 30 days thereafter commence an action against the treasurer for the recovery of the tax, and, if the court determines that the same was wrongfully collected, in whole or in part, for any reason going to the merits of the tax, it shall enter judgment accordingly. That course was not followed in the present case.

Section 6813 provides that, unless otherwise expressly provided, if any person against whom an assessment has been made or a tax levied claims that the whole, or any part theerof, is invalid, for any reason stated in the section, the tax, if paid, may be refunded in the manner prescribed—
"in the following cases only:

"1. When an error has been made in any identifying entry or description of the property, in entering the valuation thereof or in the extension of the tax, to the injury of the complainant.

"2. When improvements on any real property were considered or included in the valuation thereof, which did not exist thereon at the time fixed by law for making the assessment.

"3. When the complainant or the property is exempt from the tax.

"4. When the complainant had no taxable interest in the property assessed against him at the time fixed by law for making the assessment.

"5. When taxes have been erroneously paid or error made in noting payment or issuing receipt therefor.

"6. When the same property has been assessed against the complainant more. than once in the same year, and the complainant produces satisfactory evidence that the tax thereon for such year has been paid; provided, that no tax shall be abated on any real property which has been sold for taxes, while a tax certificate is outstanding."

Plaintiff contends that the. judgment of the court may be sustained under either the first or the fifth subdivision of section 6813, that an error was made in the extension of the tax withiń the meaning of subdivision 1, and that the tax was erroneously paid within the meaning of subdivision 5. In one of the briefs filed in support of the judgment, section 6826 is for convenience designated the "suit statute" and section 6813 the "refund statute," and these terms are used in that sense in this opinion.

■ The suit statute, providing for payment of taxes under protest, was enacted two years before the refund statute, and contains a provision that, in all cases in which, for any reason, it is claimed that any tax about to be collected is wrongful or illegal, in whole or in part, the remedy should be as provided in that statute, "and in no other manner." This does away with any resort to common-law rules for the recovery of taxes, and except in so far as the suit statute is modified by the refund statute, enacted two years later, it remains the only remedy for the recovery of taxes paid. As originally enacted, the refund statute read:

"Unless otherwise provided, if any person, association, co-partnership, company or corporation against whom * * * a tax has been levied," claims the tax, or any part thereof, to be invalid, the board· of county commissioners may refund the invalid tax, in the following cases only:

"First. 'When a clerical error has been made in any identifying entry or description of the property, in entering the valuation thereof or in the extension of the tax, to the injury of the complainant," etc. Laws 1917, c. 130, § 1.

■ It will be observed that in the Revised Code of 1919 the word "clerical" in subdivision 1, and the words, "association,

copartnership, company or corporation," in designating the party against whom the tax has been levied, are omitted. But, in the preface or explanatory note to the Code, the revisers said:

"Numerous changes in phraseology were made merely for the purpose of more clearly and concisely expressing the legislative intent; hence, except where a contrary intention plainly appears, it should not be inferred from any such change that a change in the meaning of the statute was intended."

This quotation simply expresses a settled rule of statutory construction. 36 Cyc. 1067.

If, as contended by plaintiff, the omission of the word "clerical" shows an intent to allow a refund where any error has been made in extension of the tax whether clerical or otherwise, by the same reasoning the, omission of "association, copartnership, company or corporation" should exclude resort to the refund statute by those classes.

We think that, in order to get the true meaning of subdivision 1 of section 6813 in so far as applicable to this case, it should be read, "When a clerical error has been made * * * in the extension of the tax, to the injury of the complainant." But it is not claimed that any clerical error was made in the extension of the tax, and none was made. The error, if any, was made in not listing the capital stock as moneys and credits, but as personal property other than moneys and credits, whereby the tax levied against the capital stock was greater than it otherwise would have been. But this was not an error in extending the tax. The tax was correctly extended, assuming the capital stock to have been correctly listed as personal property other than moneys and credits, and in any event it was not a "clerical" error of any description, either on the part of the assessor in listing the property, or on the part of the auditor in extending the tax.

We therefore conclude that the tax was not recoverable by virtue of any provision contained in subdivision 1.

Was the tax "erroneously paid" so as to be recoverable under the provisions of subdivision 5? It seems clear that the words "erroneously paid" as here used cannot be applied to the payment of any tax which for *any* reason is invalid, as is contended by plaintiff. To give that meaning to these words would render superfluous all the other five subdivisions of the section. So con-

strued, taxes would be erroneously paid when the property was exempt from taxation or if the complainant was not the owner of the property, and in fact would be erroneously paid in this sense when paid in any situation presented in all of the six subdivisions of the section. We cannot ascribe to the Legislature the sedulous ineptitude implied in the supposition that it painstakingly enumerated in six separate subdivisions the specific situations in which a refund mght be had if the plain language of one of the shortest of the subdivisions covered every situation enumerated in all the others.

We think the word "erroneously," as used in subdivision 5 of section 6813, must be taken in its ordinary sense of "mistakenly." There was no error or mistake in the payment made by the plaintiff. It paid the very tax and the amount of tax that it intended to pay; nor was there any error in noting the payment or in issuing the receipt. In our view, the words "erroneously paid" were clearly intended to cover cases where payment was made under a misapprehension as to what was being paid. But a tax intentionally and understandingly paid, although the assessment was made or the tax levied incorrectly, is not erroneously paid, and we do not think that section 6813 was designed to allow a refund of taxes in such a situation.

■■ While sections 6813 and 6826 provide alternative modes of procedure for the recovery of taxes paid in all cases where section 6813 is applicable, that section is, by its express terms, applicable only in the cases therein enumerated, and is evidently designed to include only situations where the invalidity of the tax can be ascertained from the county records or from few and easily obtained facts aliunde, while for cases in which the legality or illegality of the tax necessarily involves the determination of questions of law calling for the exercise of strictly judicial functions, payment under protest and the other provisions of the suit statute afford the exclusive remedy. The case of plaintiff plainly falls in the latter class.

The judgment and order of the trial court are reversed, with direction to dismiss the proceeding on its merits.

BURCH, P. J., and POLLEY, and SHERWOOD, JJ., concur.

MORIARTY, C., sitting as judge in lieu of CAMPBELL, J., disqualified and not sitting, concurs.