HOLBROOK, Appellant, v. GALLAGHER, County Treasurer, Respondent.

(227 N. W. 461.)

(File No. 6580. Opinion filed November 8, 1929.)

*C. A. Wilson,* of Hot Springs, for Appellant.

*Harold P. Gilchrist,* State's Attorney, of Kadoka, *Bwell F. Jones,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, for Respondent.

MISER, C. Appellant was the owner, in 1925 and 1926, of a section of land in Washabaugh county, an unorganized county attached to Jackson county. Respondent was, in said years, the treasurer of Jackson county. According to the treasurer's duplicate tax list of Washabaugh county for the year 1925, the assessed valuation of appellant's section was $8,000, and the total consolidated tax thereon $178.80. The assessed valuation placed on this real estate by the assessor was $8,000, by the county board $8,400, and by the tax commission $8,000. Appellant did not apply to the county board of equalization for the correction of any alleged errors in the valuation of his property, but, on November 18, 1926, paid the 1925 tax. He gave notice that he was paying said taxes under protest, as provided in section 6826, Rev. Code, 1919, claiming that the assessment was exorbitant and fraudulent and the taxes levied confiscatory and illegal. Thereafter, this action was brought by appellant to recover one-half of the amount of the 1925 taxes so paid by him under protest. Appellant alleged in his complaint, and on the trial introduced evidence tending to prove, that the true and full value in money of said land did not exceed $4,000; that since August, 1924, when appellant acquired the same, it has been for

sale for that amount. The trial court concluded that, because appellant failed to complain to the county board of equalization, he was estopped to deny the validity of the assessed valuation and of the taxes based thereon. From the judgment rendered thereon, and from the order denying motion for new trial, this appeal has been taken.

Can appellant, who did not avail himself of the statutory right to complain to the county board of equalization, now question the validity of the assessed valuation and the tax based thereon? Appellant contends that section 6826, the protest statute, provides an additional and separate remedy to that given by those sections of the code providing for appearance and protest before boards of equalization and appeal from the action of such boards. In support of this contention, appellant calls attention to the fact that section 6826 was first enacted as section 1 of chap. 289 of the Session Laws of 1915, and that Bagley Elevator Co. v. Butler, 24 S. D. 429, 123 N. W. 866, 868, hereinafter referred to, was decided in 1909, and that Sioux Falls Savings Bank v. Minnehaha County, 29 S. D. 146, 135 N. W. 689, 693, Ann. Cas. 1914D, 910, also hereinafter referred to, was decided in 1912, both prior to the enactment of the protest statute.

It is true that section 6700, Rev. Code 1919, requires the assessor to assess all property at its true and full value in money, and that, consequently, as appellant contends every property owner is in law entitled to have his property so assessed. But section 6732 provides that any person may apply to the county board of equalization for the correction of any alleged errors in the listing or valuation of his property, "and the Board may correct the same as shall be just." In Bagley Elevator Co. v. Butler, supra, it was made clear that a property owner who finds his property assessed at more than its actual value or at a disproportionate value must urge his claim before the proper equalization board. Therein this court said: "When a party, whose property, though assessed at less than its value, is assessed much higher than that of other taxpayers, shall have requested the several boards to equalize taxes in the manner fixed by statute, to wit, by raising the assessment of all property to its actual value—and such boards shall have refused or failed to do their clear duty under the law, then, and only then, let such party apply to the courts for relief."

In Savings Bank v. Minnehaha County, supra, decided in 1912, after the enactment of chapter 193, Laws of 1909, providing for appeals to the circuit-court, substantially the same as section 6727, Rev. Code 1919, this court said: "It is therefore universally held that for a merely excessive, unequal, or disproportionate assessment, where no principle of law is intentionally violated in making it, and the complaint is really only that of an error of judgment on the part of the assessment officers, the sole remedy for the wrong suffered is through an application for an abatement, addressed to the assessor or to the boards established by statute for the equalizing of assessments. The statutory officers and boards form a tribunal whose decisions are final except where they act without jurisdiction, or when they are guilty of what constitutes fraud in fact or in law. Courts can not give aid in such cases unless specially authorized by statute to do so."

Finally, in Beadle County et al v. Eveland, 43 S. D. 447, 180 N. W. 65, 67, decided after the enactment of sections 6727 and 6826, the court said: "The county board, while recognizing that inequalities existed, saw fit not to act, but asked the defendants [the State Tax Commission] to act. The parties who had appealed to said county board did not see fit to appeal from the action of the said board, as they were authorized to do by sections 6727 and 6734, Rev. Code 1919. They therefore lost all right to complain of mere inequalities in taxation. Sioux Falls Savings Bank v. Minnehaha County, 29 S. D. 146, 135 N. W. 689, Ann. Cas. 1914D, 910."

In the case at bar it was made the duty of the assessor, by section 6719, to attach to his return an oath stating that the value attached to each parcel in such return was, as he verily believed, the full and true cash value thereof. Such vericafition was made in this case. While appellant alleged that the assessment was fraudulent, there was no sufficient proof of fraud and no clear showing of discrimination, and no showing whatever that such discrimination, if any, was intentional. In Sunday Lake Iron Co. v. Wakefield, 247 U. S. 350, 38 S. Ct. 495, 62 L. Ed. 1154, the principle applicable in such cases was stated thus: "It is also clear that mere errors of judgment by officials will not support a claim of discrimination. There must be something more—something which in effect amounts to an intentional violation of the essential

principle of practical unifromity. The good faith of such officers and the validity of their actions are presumed; when assailed, the burden of proof is upon the complaining party."

In addition to the cases cited therein, see Chicago G. W. Ry. v. Kendall, 266 U. S. 94, 98, 45 S. Ct. 55, 57, 69 L. Ed. 183; Sioux City Bridge v. Dakota County, 260 U. S. 441, 447, 43 S. Ct. 190, 67 L. Ed. 340, 28 A. L. R. 979. In Traverse Beach Ass'n v. Elmwood Tp., 142 Mich. 297, 105 N. W. 768, 769, in a suit brought to recover taxes paid under protest, appellant's failure to appear before the township board of review was held decisive against its claim. In that case, after calling attention to sections creating a board of review as a tribunal for the correction of the very injustice of which appellant complained—that is, that the assessment was relatively so unequal as compared with the assessment of other property as to indicate fraud—the court said: "It can not be held that it was intended to permit the taxpayer to ignore the tribunal especially established for the very purpose of enabling him and others similarly situated to have a correction of inequalities." To the same effect, see Hall v. Moore, 75 Neb. 693, 106 N. W. 785. Also section 1278, Cooley on Taxation (4th Ed.) vol. 3, p. 2556, contains the following: "Especially is it generally held that in case of overassessment or overvaluation the remedy of the taxpayer is to apply to the statutory board for a correction instead of paying the tax and then suing to recover the payment." In fairness to appellant, it should be stated that the text last cited proceeds: "However, the existence of a remedy before a statutory board, to contest the correctness of the tax, where not exclusive, does not necessarily preclude a recovery of taxes paid." But, in the first case cited in support of the text, Powder River Cattle Co. v. Board of Commissioners Custer County (C. C.) 45 F. 323, it was held that the listing of plaintiff's property was illegal and wholly void, and therefore there was no necessity to appeal to a board of equalization to correct the assessment. In the other case cited in support of the text, National Metal Edge Box Co. v. Readsboro, 94 Vt. 405, 111 A. 386, the tax was assessed on nontaxable property and was clearly illegal and void. Nor do we find among the many cases cited and reviewed by appellant in his able brief any whose facts were such as to furnish precedent for receding from the principle heretofore stated in Elevator Co. v. Butler, supra, Savings Bank

v. Minnehaha County, supra, and Beadle County v. Eveland, supra. Where, as in the case at bar, the utmost that, under the evidence, could be claimed was that the property was excessively and unequally assessed. without fraud on the part of the assessor, in the absence of a showing that the complaining property owner had made due application to the county board of equalization for relief, the property owner is not entitled to a recovery of the taxes paid even though paid under protest as provided in section 6826. Luce v. City of San Diego, 198 Cal. 405, 245 P. 196; Nutter v. Carbon County, 58 Utah, 1, 196 P. 1009.

Appellant contends that, if he were compelled to make complaint before the board of equalization, appeal therefrom to the circuit court and appeal therefrom to this court, the time consumed would be so great as to make it necessary for him to pay under protest and start a second suit to avoid losing his land by tax sale. Appellant assumes not only his right to relief, but the denial thereof by the very tribunals created to insure it. But, granting that both appellant's assumptions be correct, and that he would be compelled to bring two suits to avoid an unjust tax, the evil would be small compared to that which would result if the assessed valuation of every taxing district is not determined before the levy made thereon, but instead, as pointed out in respondent's brief, "is left to be determined by the unanticipated caprices of individual taxpayers and the consequent litigation of subsequent years."

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.