In the Matter of the Tax Assessment and Valuation of the Property of Riverview Properties, Ltd., d/b/a Yankton Inn, f/d/b/a Sheraton Yankton, Located in Yankton, Yankton County, South Dakota. (1985, 1986 and 1987 Assessments).

**RIVERVIEW PROPERTIES, LTD.,**
**d/b/a Yankton Inn, Appellant,**

v.

**SOUTH DAKOTA STATE BOARD OF**
**EQUALIZATION, Appellee.**

**RIVERVIEW PROPERTIES, LTD., d/b/a**
**Yankton Inn, f/d/b/a Sheraton Yankton, Plaintiff and Appellant,**

v.

**Irene KILLIAN, Yankton County**
**Treasurer, Defendant and**
**Appellee.**

Nos. 16328, 16329.

Supreme Court of South Dakota.

Argued Feb. 14, 1989.

Decided April 26, 1989.

Charles Schroyer of Schmidt, Schroyer, Colwill & Barnett, Pierre, for plaintiff and appellant.

John Dewell, Asst. Atty. Gen., Pierre, for appellee South Dakota State Board of Equalization; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Craig A. Kennedy, Yankton County State's Atty., Yankton, for appellee Irene Killian.

MILLER, Justice.

In this real estate tax assessment appeal, we affirm the trial court and hold that (1) the circuit court, in tax assessment proceedings, has no jurisdiction or authority to order a county to pay a tax refund, and (2) summary judgment in favor of the county

was proper because. the taxpayer failed to pursue the proper statutory remedy.

## FACTS

Riverview Properties (Riverview) is the owner of a hotel property located in Yankton County, South Dakota. The assessed value of the property in 1985 was appealed by Riverview through the local boards of equalization and was eventually heard by the State Board of Equalization (State Board). State Board reduced the valuations by ten percent and Riverview, unsatisfied with the extent of the reduction, appealed that decision to the circuit court pursuant to SDCL 10–11–43.[1] The circuit judge was hesitant to proceed because he was aware that cases were pending before this court which would clarify whether tax assessment appeals should be heard de novo or on the record. Thus, the circuit judge wished to hold Riverview's appeal in abeyance pending the outcome of the other cases before this court, even though he and the parties recognized that such action could result in a considerable delay. In May and June 1987, this court issued its opinions in *AT & T Information Systems v. State Board of Equalization*, 405 N.W. 2d 24 (S.D.1987), and *In re All Property Located in Murdo, South Dakota*, 406 N.W.2d 726 (S.D.1987). These cases clarified that appeals of this nature are to proceed de novo.

Pending the issuance of those opinions, Riverview perfected additional appeals to the circuit court concerning valuation deci-

sions made by State Board on the subject property for the tax years 1986 and 1987. After our cases were handed down, the circuit judge combined all three of Riverview's appeals and established a hearing date concerning the tax assessment matters. Prior to hearing, the parties stipulated to the entry of a judgment and an order establishing valuation for each of the tax years in question, which resulted in a further reduction of property values for those years. The circuit court then issued a judgment consistent with the stipulation.

Riverview then sought a property tax refund from Yankton County. The county refused to issue the refund, asserting that while Riverview had paid the taxes for 1985 and 1986 under protest, no "protest and suit" proceedings pursuant to SDCL 10–27–2 had been commenced.[2] Upon learning Yankton County's position, Riverview moved to reopen the assessment proceedings in the circuit court for the purpose of requiring the county to refund a portion of the payments that were made under protest. State Board objected to that motion and it was later denied by the circuit court.

Riverview, at the same time it moved to reopen the assessment proceedings, also commenced suit against the Yankton County Treasurer pursuant to SDCL 10–27–2, seeking recovery of the excess taxes paid in 1985, 1986 and 1987. However, with the exception of the proceedings as they relate to the payment of the last half of the 1986 and the 1987 taxes, the action commenced

1. SDCL 10–11–43 provides:
   Any person, firm, corporation, taxing district, governmental subdivision or agency interested as described in § 10–11–42 may appeal from a decision of the state board of equalization to the circuit court for the county in which the property which is the subject of the action is situated. The appeal shall be taken in the same form and manner as appeals are taken from the decision of the board of county commissioners to such court, except that the state board of equalization shall become the appellee and shall defend its decision on appeal.

2. SDCL 10–27–2, commonly referred to as a "protest and suit" statute, provides:
   Any person against whom any tax is levied or who may be required to pay the same, who pays the same under protest to the treasurer autho-

rized to collect the same, giving notice at the time of payment of the reasons for such protest may, *at any time within thirty days thereafter,* commence an action against such treasurer for the recovery thereof in any court of competent jurisdiction, and if the court determines that the same was wrongfully collected, in whole or in part, for any reason going to the merits of the tax, it shall enter judgment accordingly, and such judgment shall be paid in preference to any other claim against the county, upon the final determination of the action; and the pro rata share of the money so refunded shall be charged to the state and each taxing district which may have received any part of such tax. The right of appeal shall exist for both parties as in other civil actions. (Emphasis added.)

by Riverview for the refund of taxes paid under protest was not commenced within thirty days of the payment, as mandated by the statute. Riverview and Yankton County both filed motions for summary judgment, resulting in the court's order granting Yankton County's motion as it related to the 1985 and first half of the 1986 taxes.

## DECISION

## I

WHETHER A CIRCUIT COURT MAY ORDER A TAX REFUND AFTER ACTING ON AN APPEAL FROM THE STATE BOARD OF EQUALIZATION AND RENDERING A DETERMINATION ON THE VALUE OF PROPERTY.

■ Riverview argues that the circuit court was vested with the authority to order a tax refund after the parties had agreed to a reduction of the assessed value of the property. State Board and Yankton County argue that the circuit court was without jurisdiction to enter such an order. The circuit court had concluded that its authority extended only to its entry of a judgment regarding the valuation of the property. We agree.

It is well settled that a circuit court's authority on an appeal from a county board of equalization or from the state board is the same as that which was initially possessed by the respective boards. *See Williams v. Stanley County Bd. of Equalization,* 69 S.D. 118, 7 N.W.2d 148 (1942). *See also In re Robinson et al.,* 73 S.D. 580, 46 N.W.2d 908 (1951). We note that the authority of a board of equalization extends only to the process of establishing the value of property and does not extend to the the levy, collection, or refund of taxes. *See generally* SDCL ch. 10–11. Thus, where the circuit court sits as a board of equalization pursuant to SDCL 10–11–43 or 10–11–44, it likewise does not have the power to levy, collect or refund taxes. Riverview, by its motion to reopen the assessment proceedings, asked the trial court to go beyond its authority by order-

ing a tax refund. Riverview based its position on SDCL 7–8–31, which provides:

The circuit court may make a final judgment and cause the same to be executed or may send the same back to the board of county commissioners with an order how to proceed, and require such board to comply therewith by mandamus or attachment as for contempt.

As noted by the trial court, however, Riverview's reliance on SDCL 7–8–31 is misplaced. In *Chicago & N.W. Railway Co. v. Schmidt,* 85 S.D. 223, 180 N.W.2d 233 (1970), we found, in effect, that the term "final judgment" as used in SDCL 7–8–31 does not include a judgment declaring the amount of tax refund, but rather refers to a judgment determining the valuation of the property. Thus, Riverview's contention that SDCL 7–8–31 provides authority for the court to order a refund is incorrect.

## II

WHETHER A TAXPAYER WHO IS PURSUING AN APPEAL THROUGH THE ADMINISTRATIVE EQUALIZATION PROCESS IS REQUIRED TO PAY TAXES UNDER PROTEST AND BRING SUIT TO RECOVER PURSUANT TO SDCL CH. 10–27 AT A TIME WHEN THE ADMINISTRATIVE VALUATION PROCEEDING IS NOT YET COMPLETED.

■ Riverview next argues that it should not have been required to commence an action for the recovery of taxes paid under protest pursuant to SDCL 10–27–2 at a time when it was concurrently pursuing its valuation claim through the county and state boards of equalization. In essence, Riverview argues that the thirty-day time requirement provided by SDCL 10–27–2 should be tolled during the time that the equalization proceedings concerning the underlying assessments were still pending. Riverview argues that had it complied with SDCL 10–27–2 the action most likely would have been dismissed for failure to state a claim.

This court noted in *Pierre and Ft. Pierre Bridge Railway Co. v. Stuart,* 40 S.D. 473, 168 N.W. 33 (1918), that actions for recov-

ery of taxes paid under protest must be commenced within thirty days from the date of payment. The purpose of SDCL 10–27–2 is "to permit taxing districts which have made levies for their needs to receive the contemplated revenue whereby they will not be crippled in operation, and disputes with reference to the legality thereof are to be deferred for subsequent decision with the opportunity to make adequate provisions for referral if adjudged." *Chicago, Milwaukee, St. Paul & Pacific Railroad Co. v. Board of Commissioners of Walworth County,* 248 N.W.2d 386, 389–90 (S.D.1976). Moreover, we stated in *Holbrook v. Gallagher,* 56 S.D. 54, 227 N.W. 461 (1929), that while an appellant may be compelled to bring two separate suits in order to avoid an unjust tax, "the evil would be small compared to that which would result if the assessed valuation of every taxing district is not determined before the levy made thereon, but instead ... 'is left to be determined by the unanticipated caprices of individual taxpayers and the consequent litigation of subsequent years.'" *Id.* 227 N.W. at 463.

It appears clear that the legislature intended that the time limitations contained in the protest and suit statute should be closely followed. While we agree that this does indeed place an additional burden on a taxpayer seeking recovery and repayment of overpaid taxes, we do not believe that the statutes provide for any other remedy. Thus we are not empowered to judicially amend SDCL 10–27–2 to provide for the tolling of the thirty-day requirement while Riverview pursued its administrative remedies.

We recognize and appreciate the dilemma facing Riverview. It truly won the battle but lost the war. It pursued its equalization appeal in good faith, but was hampered by delays in the circuit court, which was awaiting guidance as to the appropriate procedure to follow. At the same time, under the erroneous assumption that all ills could be cured in the equalization process, it did not commence the duplicative litigation contemplated by SDCL 10–27–2. As much as we sympathize with Riverview and recognize what appears to be a manifest unfairness, it is not within our ability or role to fashion a remedy. That is within the exclusive province of the legislature.

Affirmed.

All the Justices concur.