KERN, Justice
[¶1.] Hunt Companies, Inc. (Hunt) built a housing development on land leased from the United States government. Hunt paid taxes assessed by Meade County (County) on the property for 2011, 2012, and 2013. Then, it appealed the assessed valuations, successfully challenging the County's valuations in circuit court. The County did not appeal the circuit court's decision; yet it subsequently denied Hunt's request for an abatement and refund. Hunt appealed, and the circuit court affirmed the denial. Hunt now appeals to this Court. We affirm.
Facts and Procedural History
[¶2.] The United States government owns land located near Box Elder in Meade County that includes Ellsworth Air Force Base. In the late 1980s, the federal government set aside approximately 235 acres within Ellsworth Air Force Base for Centennial Estates, a housing development for base personnel. On April 3, 1990, the federal government provided Hunt a 40-year land lease. The parties agreed Hunt would build 828 housing units on the property. For the first twenty years Hunt held the lease, the United States managed and maintained the development. The County did not assess taxes against Hunt during those twenty years.
[¶3.] When the lease ended in August 2011, however, Hunt began managing the housing development, which is now known as Antelope Ridge. Because Hunt now acts as manager, the County assessed property taxes in 2011, 2012, and 2013 for the 2012, 2013, and 2014 tax years, respectively. For each of these years, the County valued Hunt's taxable interest in the leasehold at $35,731,200 by using the fee simple value of the property.
[¶4.] Hunt paid the taxes assessed without invoking the pay-and-protest provisions of SDCL 10-27-2.[1] It then challenged *896 the County's property-tax valuations by appealing to the Meade County Board of County Commissioners. The Board rejected Hunt's claims. Hunt appealed to the circuit court, filing a separate case for each of the three years the County assessed and taxed the value of Antelope Ridge. The appeals were consolidated for the circuit court's (Valuation court) consideration. Rather than focusing its attention on the County's constitutional authority to tax the leasehold interest altogether, Hunt argued to the Valuation court that the County erred by assessing the property at its fee simple value instead of its leasehold value.
[¶5.] Following a trial, the Valuation court issued findings of facts and conclusions of law on July 15, 2016, finding that "[t]he methods of valuation employed by Meade County ... [were] inaccurate and unreliable." The court observed that " Article XI, Section 5 of the South Dakota Constitution forbids the valuation of real property owned by the United States of America[,]" and that the County "unconstitutionally valued the Antelope Ridge housing development as fee simple." Determining that Hunt only owed taxes on the leasehold interest, the Valuation court held that the "full and true value" of the leasehold interest was $14,100,000 for the 2012 tax year; $15,500,000 for the 2013 tax year; and $15,100,000 for the 2014 tax year. The court entered judgment reflecting its valuation. Neither Hunt nor the County appealed the Valuation court's rulings.
[¶6.] On October 16, 2016, Hunt filed an application with the Meade County Commission (Commission) under SDCL 10-18-1 for an abatement and refund of taxes overpaid. That statute provides in relevant part that:
Unless otherwise expressly provided, if a person, against whom an assessment has been made or a tax levied, claims that the assessment or tax or any part of the assessment or tax is invalid for any reason provided in subdivisions (1) to (6), inclusive, the assessment or tax may be abated, or the tax refunded if paid. The board of county commissioners may abate or refund, in whole or in part, the invalid assessment or tax in the following cases only:
(1) If an error has been made in any identifying entry or description of the real property, in entering the valuation of the real property or in the extension of the tax, to the injury of the complainant;
(2) If improvements on any real property were considered or included in the valuation of the real property, which did not exist on the real property at the time fixed by law for making the assessment;
(3) If the complainant or the property is exempt from the tax;
(4) If the complainant had no taxable interest in the property assessed against the complainant at the time *897 fixed by law for making the assessments;
(5) If taxes have been erroneously paid or error made in noting payment or issuing receipt for the taxes paid;
(6) If the same property has been assessed against the complainant more than once in the same year, and the complainant produces satisfactory evidence that the tax for the year has been paid.
Id. The Commission denied the application, reasoning that Hunt's claims did not satisfy any of the provisions within SDCL 10-18-1. It further concluded that even if any of the provisions applied, it was not " 'satisfied beyond a doubt' that the assessment [was] invalid, inequitable, or unjust[,]" citing SDCL 10-18-1.1.
[¶7.] In December 2016, Hunt appealed the Commission's decision to the circuit court, arguing that subsections (1), (3), (4), and (5) applied. The County moved for summary judgment. The circuit court granted the motion on November 8, 2017, noting that "[a]s a threshold matter, ... res judicata prevent[ed] re-litigation of the factual issues previously decided in the" Valuation court. The court then analyzed SDCL 10-18-1 and found that none of its provisions applied.
[¶8.] With respect to SDCL 10-18-1(1), which permits relief when "an error has been made in any identifying entry or description of the real property," the court recognized that some of the findings of the Valuation court suggested the subsection applies. However, the circuit court noted that the previous appeal did not examine "the specific words contained in SDCL 10-18-1(1) [.]" Moreover, the circuit court relied on Security National Bank v. Twinde , and concluded that the errors referred to in SDCL 10-18-1(1) are clerical in nature, i.e., unintended mistakes, and that no such errors were made here. 52 S.D. 352, 217 N.W. 542, 544 (1928).[2]
[¶9.] The circuit court next considered whether Hunt's request for relief implicated SDCL 10-18-1(3), which permits a refund if "the complainant or the property is exempt from the tax[.]" The court acknowledged that Antelope Ridge's fee simple owner-the United States-is tax exempt. However, the court stated that it would not "read the phrase 'exempt from tax' to mean 'partially exempt from tax[.]' " Thus, in the court's view, although the County could not tax the real property, it could tax the leasehold interest; accordingly, Antelope Ridge could not be considered "exempt from tax."
[¶10.] Next, the circuit court reviewed SDCL 10-18-1(4), which allows a refund "if the complainant had no taxable interest in the property assessed[.]" The court observed that because "Hunt had a taxable interest in the Antelope Ridge property," the court was "similarly unwilling to substitute other language for 'no' from subsection (4), such as 'less than full fee' or 'partial fee' taxable interest."
[¶11.] Finally, the circuit court addressed SDCL 10-18-1(5), which authorizes relief for taxes erroneously paid or for errors "made in noting payment or issuing receipt[.]" It concluded that "the term 'paid erroneously' in 10-18-1(5) does not refer to taxes that were paid on an incorrect valuation, but rather due to a clerical mistake-i.e., the taxpayer mistakenly paying another taxpayer's bill." Therefore, the court held that SDCL 10-18-1(5) did not apply.
*898 [¶12.] The circuit court also rejected Hunt's argument "that it could have elected to pursue either a pay and protest suit pursuant to SDCL 10-27-2" or apply for an abatement and refund under SDCL 10-18-1. The court, unpersuaded by Hunt's argument, noted that "[t]his seems to suggest that the [L]egislature intended to provide two separate mechanisms upon which to seek the same relief under identical circumstances: one with a 30-day limitation period, and one with a four-year limitation period."
[¶13.] While acknowledging that the two options provided "a different method of obtaining the same end, the refund of an unauthorized tax," Casey v. Butte Cty. , 52 S.D. 334, 217 N.W. 508, 510 (1927), the court observed that neither our decision in Casey nor any other case it found "suggest[ed] that taxpayers, for any reason, could utilize either of the two methods to recoup taxes." The court further noted that, unlike here, "the subject property [in Casey ] was exempt from tax for the period in question." The circuit court also highlighted our holding in Riverview Properties, Ltd. v. South Dakota , where we explained that SDCL 10-27-2 provides a limited window in which to appeal so as not to interrupt the assessment of taxes "by the unanticipated caprices of individual taxpayers and the consequent litigation of subsequent years." 439 N.W.2d 820, 823 (S.D. 1989) (quoting Holbrook v. Gallagher, 56 S.D. 54, 227 N.W. 461, 463 (1929) ). Relying on this authority, the circuit court held that SDCL 10-18-1-which offers a four-year window-"should be strictly construed."
[¶14.] Hunt moved the circuit court to reconsider, arguing that the County was constitutionally prohibited from taxing Antelope Ridge because it was constructed on land owned by the United States. The circuit court denied the motion, and Hunt appeals raising the following issues:
1. Whether the County's tax assessment on Hunt's leasehold interest in Antelope Ridge violates the state and federal constitutions.
2. Whether the circuit court erred by denying Hunt's application for abatement and refund under SDCL 10-18-1.
Analysis and Decision
1. Whether Meade County's tax assessment on Hunt's leasehold interest in Antelope Ridge violates the state and federal constitutions.
[¶15.] Hunt argues that the County could not constitutionally assess taxes on his leasehold interest in Antelope Ridge. The County responds that Hunt failed to raise the argument that the leasehold was exempt from taxation in the Valuation court or before the circuit court in this action. In reply, Hunt submits that it preserved the issue by raising it before the circuit court via a motion for reconsideration prior to issuance of the final order. Alternatively, Hunt asks us to exercise our discretion and decide the constitutional question because it presents a matter of substantive law unaffected by any factual dispute.
[¶16.] Hunt's constitutional argument is not properly before this Court. It likewise was not properly before the circuit court. In the litigation before the Valuation court, Hunt challenged the County's tax assessment as unconstitutional because it was based on the fee simple value of Antelope Ridge. The Valuation court entered a decision in Hunt's favor, reducing the valuation to that of Hunt's leasehold interest. Because neither party appealed that decision, it has become final, thereby terminating further litigation on the issue of the value of Hunt's taxable interest. See Restatement (Second) of Judgments, §§ 17 - 18 (1982). As such, the taxable value *899 of Hunt's interest is $14,100,000 for the 2012 tax year; $15,500,000 for the 2013 tax year; and $15,100,000 for the 2014 tax year.
[¶17.] This appeal, therefore, concerns only whether the County was required to grant Hunt's application for abatement and refund of taxes overpaid for the 2012, 2013, and 2014 tax years.
2. Whether the circuit court erred by denying Hunt's application for abatement and refund under SDCL 10-18-1.
[¶18.] Hunt concedes that it failed to utilize the pay-and-protest provisions of SDCL 10-27-2. Yet it argues that SDCL 10-18-1 provides an alternative avenue for the same relief. Hunt relies on subsections (1), (3), (4), and (5) for redress.
[¶19.] As the circuit court explained, however, subsections (1) and (5) refer to clerical errors or unintended mistakes, such as an individual accidentally paying the taxes of another. See Twinde , 217 N.W. at 544. Hunt responds that " Twinde merely held that subsection (1) does not allow recovery of property taxes in every case of overvaluation." However, the Court in Twinde , citing a prefatory note to the Revised Code of 1919, observed that the Legislature omitted the word "clerical" used before "error" in the statute's predecessor for simply stylistic purposes and that, substantively, the law should be interpreted no differently. Id. And SDCL 10-18-1, as it is currently written, is largely identical to the 1919 revision. Thus, only clerical errors may be appealed from under this subsection, and Hunt does not claim that such errors were made.
[¶20.] With respect to subsection (5), we interpret "erroneously" to mean "mistakenly." As we explained in Twinde :
So construed, taxes would be erroneously paid when the property was exempt from taxation or if the complainant was not the owner of the property, and in fact would be erroneously paid in this sense when paid in any situation presented in all of the six subdivisions of the section. We cannot ascribe to the Legislature the sedulous ineptitude implied in the supposition that it painstakingly enumerated in six separate subdivisions the specific situations in which a refund might be had if the plain language of one of the shortest of the subdivisions covered every situation enumerated in all the others.
Id. (emphasis added).
[¶21.] In regard to subsections (3) and (4), we assume Hunt's leasehold interest was taxable because Hunt did not challenge the taxability of his leasehold interest in the Valuation appeal. In each of its three notices of appeal in the Valuation litigation, Hunt alleged only that its interest was incorrectly valued. This argument implicates Article XI, § 2, of the South Dakota Constitution, which requires uniform taxation at its correct value. Hunt's notice of appeal stated:
This Appeal is brought to challenge the accuracy and methods employed in valuation of the assessment because statutory mandates have not been substantially complied with, the subject property is excessively assessed inasmuch as the property is assessed at higher than its full and true value in money and is discriminatory and is not assessed in uniformity with comparable properties and the assessment is grossly unjust and inequitable, all in violation of the Constitution ( S.D. Const. art. XI, § 2 ) and the laws of this State.
(Emphasis added.)
[¶22.] Significantly, Hunt did not invoke Article XI, § 5, of the South Dakota Constitution, which exempts property of the United States from taxation. Indeed, *900 the parties and the Valuation court proceeded on the implicit premise that Hunt's leasehold interest was taxable.[3] Moreover, the Valuation court did not base its analysis upon the exempt nature of the United States' fee interest. Rather, the Valuation court considered evidence relating to different valuation methods and applied the "income method" in reaching its decision to reduce the original valuation. Because Hunt possessed, for purposes of this appeal, a taxable leasehold interest, subsections (3) and (4) do not apply.
[¶23.] Hunt argues, however, that not reading the word "partially" into subsection (3) and not interpreting subsection (4) results in the County's "retention of ... ill-gotten tax moneys." We disagree. SDCL 10-18-1 allows for an abatement or refund "only" in the enumerated subdivisions (1) to (6). Id. Subsection (3) allows for such relief in two situations: (1) when the complainant is exempt from taxation; or (2) when the property is exempt from taxation. Neither situation exists here, and the manner in which Hunt framed the earlier Valuation appeal confirms as much.
[¶24.] "It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with the view to their place in the overall statutory scheme.' " Expungement of Oliver , 2012 S.D. 9, ¶ 9, 810 N.W.2d 350, 352 (quoting Food & Drug Admin. v. Brown & Williamson Tobacco Corp. , 529 U.S. 120, 133, 120 S.Ct. 1291, 1301, 146 L.Ed.2d 121 (2000) ). In this instance, Title 10 provides two avenues of relief when a tax is improperly levied against a person or entity-pay and protest ( SDCL 10-27-2 ) and abatement of an erroneous tax assessment ( SDCL 10-18-1 ). The pay-and-protest provisions afford taxpayers broad relief within a limited window (thirty days), while the erroneous tax assessment statute provides much narrower relief over a longer time period (four years). Reading these provisions in context indicates the Legislature intended SDCL 10-18-1 to be construed narrowly, applying only to the situations listed therein in light of the longer period for recovery. A narrow reading is justified because SDCL 10-27-2 provides taxpayers with broader grounds for relief, albeit for a shorter period of time.
[¶25.] Hunt had relief available; yet, as Hunt itself admits, it chose not to use the pay-and-protest provisions of SDCL 10-27-2. Hunt also does not attack the constitutionality of, for example, the limited thirty-day window SDCL 10-27-2 provides. Rather, it would have us stretch the language of SDCL 10-18-1 to accommodate its choice not to use the remedy fashioned by the Legislature. And as the circuit court explained, the State possesses a strong interest in ensuring the timely collection of taxes, finality in assessments, and the regular functioning of counties.
[¶26.] We are mindful of the enormity of the County's overvaluation of Hunt's leasehold interest. Yet we also cannot interpret SDCL chapter 10-18 simply to avoid this result. Therefore, we affirm the circuit court's decision upholding the County's rejection of Hunt's request.
[¶27.] GILBERTSON, Chief Justice, and SALTER, Justice, concur.
[¶28.] JENSEN, Justice, dissents.

SDCL 10-27-2 provides:
Any person against whom any tax is levied or who may be required to pay the tax, who pays the tax prior to the tax becoming delinquent and under protest to the treasurer authorized to collect the tax, giving notice at the time of payment of the reasons for such protest may, at any time within thirty days thereafter, commence an action against such treasurer for the recovery of the tax in any court of competent jurisdiction. If the court determines that the tax was wrongfully collected, in whole or in part, for any reason going to the merits of the tax, the court shall enter judgment accordingly, and such judgment shall be paid in preference to any other claim against the county, upon the final determination of the action. A pro rata share of the money so refunded shall be charged to the state and each taxing district which may have received any part of the tax. The right of appeal shall exist for both parties as in other civil actions.

Under Rev. Code 1919, § 6813, the predecessor to SDCL 10-18-1, a tax refund could be provided "[w]hen an error has been made in any identifying entry or description of the property, in entering the valuation thereof or in the extension of the tax, to the injury of the complainant." Twinde , 52 S.D. 352, 217 N.W. at 543.

We express no opinion here on the question of whether the leasehold interest was, in fact, taxable.