JENSEN, Justice (dissenting).
[¶29.] I dissent because the Valuation court had previously determined the assessments at issue were invalid under the exemption for public property, in Article XI, § 5 of the South Dakota Constitution.
*901 As a result, Hunt was entitled to request a tax refund under SDCL 10-18-1(3) for the years at issue and the County failed to properly exercise its discretion when it denied the request.
[¶30.] The Valuation court found that the "United States of America owns the real property on which is located the Antelope Ridge housing development" and that Hunt "has nothing more than a leasehold interest in the 235 acres of Antelope Ridge housing development." The court further found that the County's assessments had "valued the fee simple interest of the property for each year under appeal, which is unconstitutional pursuant to Article XI, [§] 5 of [the] South Dakota Constitution[.]" In its conclusions of law, the Valuation court applied Article XI, § 5, which "forbids the valuation of real property owned by the United States of America when it recites: 'The property of the United States ... shall be exempt from taxation.' " The Valuation court then concluded that "Meade County unconstitutionally valued the fee simple interest in determining [Hunt's] interest in Antelope Ridge in each of the years under appeal." Only after determining the United States' fee simple interest was exempt did the Valuation court consider the valuation methods for determining the full and true value of Hunt's leasehold interest.
[¶31.] Neither party chose to appeal the Valuation court's decision. I agree with the majority that the Valuation court's decision is res judicata for both Hunt and the County for the assessment years 2011, 2012, and 2013. See Shevling v. Butte Cty. Bd. of Comm'rs , 1999 S.D. 88, ¶ 25, 596 N.W.2d 728, 732. As such, Hunt is precluded from now claiming that its leasehold is also exempt from taxation for those years under Article XI, § 5 of the South Dakota Constitution and this Court's prior decisions in Petition of C M Corp., 334 N.W.2d 675, 677 (S.D. 1983) and In re Black Hills Indus. Freeport, Inc., 268 N.W.2d 489, 491 (S.D. 1978). Likewise, the County is precluded from challenging that Hunt paid taxes to the County for the years 2012 to 2014 on the exempt property owned by the federal government.
[¶32.] Hunt's request for a refund for the tax years 2012 to 2014 should have been considered by the County under subsection (3) of SDCL 10-18-1. The text of the statute as relevant to subsection (3) provides:
Unless otherwise expressly provided, if a person , against whom an assessment has been made or a tax levied, claims that the assessment or tax or any part of the assessment or tax is invalid for any reason provided in subdivisions (1) to (6), inclusive , the assessment or tax may be abated, or the tax refunded if paid. The board of county commissioners may abate or refund, in whole or in part, the invalid assessment or tax in the following cases only:
...
(3) If the complainant or the property is exempt from the tax ....
(Emphasis added.)
[¶33.] Under SDCL 10-18-1(3), a person is eligible to request an abatement or refund when an assessment or tax is invalid in whole, or in part, because it was assessed or levied on exempt property. Under the plain language of the statute, "part of the assessment [and] tax" on Antelope Ridge was invalid because it was levied on property that was exempt from tax. "When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and this Court's only function is to declare the meaning of the statute as clearly expressed." Long v. State , 2017 S.D. 78, ¶ 13, 904 N.W.2d 358, 364.
[¶34.] The circuit court erred in affirming the County's decision that *902 SDCL 10-18-1(3) was inapplicable to Hunt's application. Specifically, the court failed to consider all of the operative language of the statute. Instead, the court confined its reading to the phrase "the property is exempt from taxation" in subsection (3), stating it was unwilling to read the word "partially" exempt into this phrase. However, inserting the word "partially" in subsection (3) was unnecessary and entirely superfluous to the existing language providing that an assessment or tax may be abated or refunded if "the assessment or tax or any part of the assessment or tax is invalid " because it was levied on exempt property. SDCL 10-18-1(3). By failing to consider all of the language in the statute, the circuit court essentially read the italicized language out of the statute.[4] We will not interpret a statute so as to "nullify and make meaningless" a part of the statute. State v. Miranda , 2009 S.D. 105, ¶ 23, 776 N.W.2d 77, 83 ; see also Peterson v. Burns, 2001 S.D. 126, ¶ 30, 635 N.W.2d 556, 567-68 ("We should not adopt an interpretation of a statute that renders the statute [or part of it] meaningless ....").
[¶35.] The determination that the County and the circuit court erred in considering Hunt's application for an abatement or refund under SDCL 10-18-1(3) does not end the analysis. Even if some or all of the assessment or tax is invalid under any one of the subsections in SDCL 10-18-1, the County is still afforded discretion under SDCL 10-18-1 and 10-18-1.1 to grant or deny an application for an abatement or refund. Under SDCL 10-18-1, if an "assessment or tax or any part of the assessment or tax is invalid" for any of the enumerated reasons, the County maintains discretion to determine whether to abate or refund, some or all, of the assessment or tax. SDCL 10-18-1.1 further explains the County's discretion by providing that
[i]f the board of county commissioners is satisfied beyond a doubt that the assessment of real property described in an application for abatement or refund under the provisions of § 10-18-1 is invalid, inequitable, or unjust, the board ... may abate or refund any part thereof in excess of the just, fair, and equitable assessment.
[¶36.] In denying Hunt's application, the County's resolution determined that the application did not fit any of the cases described in subsections (1) through (6) of SDCL 10-18-1. Alternatively, the resolution stated that even if Hunt's application was correctly assessed before the County, the County was not "satisfied beyond doubt" that the assessment was invalid, inequitable, or unjust. During the proceedings before the County Commission, the only reasons expressed by the County Commission to deny Hunt's application were that: (1) none of the sections were applicable, and (2) Hunt had failed to avail itself of the "pay and protest" remedy in SDCL 10-27-2, which was the sole remedy available after the taxes were paid. Although any refund to Hunt likely would have been significant, the County failed to determine the amount of the invalid tax arising from the assessments on exempt property, or otherwise exercise its discretion to consider whether any refund of the invalid tax was appropriate under all the circumstances.
*903 [¶37.] The two factors the County considered to deny the abatement and refund were erroneous. First, the County had no discretion to misinterpret SDCL 10-18-1(3). Even under a narrow construction of the statute, Hunt's request squarely fit within SDCL 10-18-1(3) because part of the assessment and tax on Antelope Ridge was levied upon exempt property owned by the federal government. The County chose not to appeal the Valuation court's decision and improperly disregarded the import of the decision under SDCL 10-18-1(3).
[¶38.] Second, the County misapplied the statutes when determining that "pay and protest" under SDCL 10-27-2 was the sole remedy available for Hunt. SDCL 10-27-1 provides that "pay and protest" in SDCL ch. 10-27 is the sole remedy to challenge a tax as illegal or wrongful, "except as otherwise expressly provided by this code " (emphasis added). One of the legislatively created exceptions to the "pay and protest" remedy is the abatement and refund provisions in SDCL ch. 10-18.
[¶39.] In Casey v. Butte Cty., 52 S.D. 334, 217 N.W. 508, 510 (1927), the Court rejected a claim that "pay and protest" was the sole remedy to challenge or seek a refund of taxes paid on exempt property. The Court held that the abatement and refund remedy was available to a taxpayer seeking a refund of taxes paid in prior years on exempt property, stating:
We find no conflict between the provisions of section 6813 (abatement and refund) and those of section 6826 (pay and protest); each provides a different method of obtaining the same end, the refund of an unauthorized tax. This is clear from the language of section 6819, providing for the right of appeal from the decision of the board of county commissioners on an application for refund, where it is stated that the right to proceed under the provisions of this Code relating to actions to recover taxes paid under protest is not qualified or limited by the article relating to application to the board of county commissioners for a refund.
Id.
[¶40.] In Chicago, Milwaukee, St. Paul & Pacific Railroad Co. v. Bd. of Comm'rs , 248 N.W.2d 386, 389 (S.D. 1976), this Court reaffirmed this holding, stating "[o]ne remedy excepted from the protest and suit statute is the refund and abatement statutes found in SDCL 10-18-1 and 10-18-2 as provided in SDCL 10-18-12." The County's determination that "pay and protest" was the sole remedy for seeking a refund of taxes paid was not a proper exercise of discretion.
[¶41.] Finally, in view of its disregard of the Valuation court's decision and the lack of any determination as to the amount of invalid tax that Hunt paid, the County improperly determined that it was not "satisfied beyond doubt" that the assessment was invalid, inequitable, or unjust.[5] SDCL 10-18-1.1 provides the County with broad discretion to consider any refund of an invalid tax, but the County must articulate objective and valid reasons for exercising this discretion, which the County failed to do.
[¶42.] I would reverse and remand to the circuit court with directions to remand Hunt's application to the County. I would direct the County to determine the amount of invalid tax paid by Hunt on the exempt portion of the federal government's fee interest for the tax years 2012 to 2014. The *904 County should then exercise its discretion under SDCL 10-18-1 and SDCL 10-18-1.1 to consider whether any portion of the taxes paid by Hunt on the exempt property should be refunded.

The Legislature has created a number of statutory exemptions to ad valorem tax for certain land owners, or activities on the land. Many of these statutes recognize that only a portion of the property may be exempt from taxation for various reasons. See SDCL 10-4-9.2 to -13.2, -16. Yet, by improperly reading the language "any part of the assessment or tax" out of SDCL 10-18-1, the circuit court's interpretation, adopted by the majority opinion, effectively forecloses any person from seeking an abatement or refund on real property that is partially exempt under these statutes.

The record is silent as to whether the County considered the impact of a refund on the tax districts that might be charged under SDCL 10-18-10. The record suggests that the City of Box Elder may have been "deemed to have concurred in granting the application" under SDCL 10-18-7, but this question was not resolved by the County Commission.